UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
|     MY 2011 Grand LLC | Case no. 19-23957 (RDD) |
|                       Debtor. | |

---------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
|     S&B Monsey LLC | Case no. 19-23959 (RDD) |
|                       Debtor. | **LOCAL RULE AFFIDAVIT** |

---------------------------------------------------------x

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NEW YORK  )

      David Goldwasser, authorized signatory of GC Realty Advisors, managing member of MY 2011 Grand LLC ("MY 2011") and manager of S&B Monsey LLC ("Monsey," each a "Debtor" and collectively the "Debtors") deposes and says under penalty of perjury, as follows:

      1.    I am submitting this affidavit under the local rules of this Court in support of each Debtor's chapter 11 filing.

      2.    On November 6, 2016, each of the Debtors filed a Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

      3.    My2011 owns a 31.75 membership interest in Grand Living LLC II. Monsey owns a 33% membership interest in Grand Living LLC II. Yoel Goldman, a non-debtor, holds the remaining 35.25% membership interest in Grand Living LLC II. Grand Living LLC II

is the sole member of Grand Living LLC. Grand Living LLC owns the real property at 227 Grand Street, Brooklyn, New York 11211 ("Property"), pictured below:



4. 227 Grand Mezz Lender LLC ("Mezz Lender") holds a $7,900,000 claim against MY2011 and a $5,800 claim against Monsey, secured by their respective membership interests in Grand Living LLC II ("Mezz Loans").

5. The Debtors estimate that the value of the Property is $45.5 million. The Property mortgage is $16,350,000. The net equity in the Property is $29,150,000. MY2011's 31.75% share of the net equity has a $9,255,125 value. Monsey's 33% share has a $9,619,000 value.

6. The Mezz Loans came due, but the Debtors could not agree with Mr. Goldman, the 35.25% member, on refinancing or on a buy-out of Mr. Goldman's interests. The Debtors nonetheless found hard money financing, but at the last minute, the hard money lender demanded new terms that were unaffordable. The Mezz Lender had scheduled a UCC sale of the Debtors' interests, and was unwilling to adjourn the sale to enable the Debtors obtain new financing.

7. The Debtors, therefore, filed these cases to buy time to obtain such financing. General unsecured claims total $172,675 in Monsey and $38,050 in MY2011.

8. Shortly after these cases were filed, Mr. Goldman agreed to buyout terms, and the Debtors promptly found institutional financing to refinance the Mezz Loans and to buy out Mr. Goldman.

9. The Debtors submit that the settlement clears the obstacles to refinancing, and the refinancing enables the Debtors to pay the Mezz Lender's claim in full. The Debtors, therefore, intend to seek dismissal of these cases, as the most efficient means to implement the settlement and resolve the issues that caused the Debtors to file these cases.

10. Since the Debtors are holding companies, they anticipate nominal disbursements only.

Dated: New York, New York
       November 21, 2019

s/David Goldwasser, authorized signatory of GC Realty Advisors