ARCHER & GREINER, P.C.  
1211 Avenue of the Americas  
New York, New York 10036  
Tel: (212) 682-4940  
Allen G. Kadish  
Harrison H.D. Breakstone  
Email: akadish@archerlaw.com  
　　　　hbreakstone@archerlaw.com  

*Attorneys for All Year Holdings Limited*

Hearing Date: June 27, 2022  
Hearing Time: 10:00 A.M.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x

In re:

MY2011 GRAND LLC, *et al.*,[1]

　　　　Debtor.

-----------------------------------------------------------x

Chapter 11

Case No. 19-23957 (RDD)  
(Jointly Administered)

## NOTICE OF HEARING ON MOTION OF ALL YEAR HOLDINGS LIMITED TO COMPEL DEBTORS TO COMPLY WITH COURT ORDER

TO THE HONORABLE ROBERT D. DRAIN,  
UNITED STATES BANKRUPTCY JUDGE:

PLEASE TAKE NOTICE that ALL YEAR HOLDINGS LIMITED ("AYHL"), filed the annexed Motion (the "Motion") for an order, substantially in the form attached to the Motion as Exhibit A, compelling the Debtors to comply with this Court's *Order Approving Settlement Agreement Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019(a)*.

PLEASE TAKE FURTHER NOTICE that a hearing to consider the relief sought in the Motion will be held, via Zoom, before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification numbers are as follows: MY 2011 Grand LLC (0415) and S&B Monsey LLC (7070).

Quarropas Street, White Plains, New York 10601-4140, on **June 27, 2022 at 10:00 a.m.** or as soon thereafter as counsel may be heard (the "Hearing").

PLEASE TAKE FURTHER NOTICE that parties wishing to appear at, or attend, the Hearing must register their appearance by 4:00 p.m. one (1) business day before the Hearing with the Court's eCourt Appearances tool. Instructions for the eCourt Appearances tool can be found at https://www.nysb.uscourts.gov/ecourt-appearances.

PLEASE TAKE FURTHER NOTICE that objections if any, to the relief requested in the Motion shall be in writing, shall conform to the Bankruptcy Code, the Bankruptcy Rules and Local Rules of the Bankruptcy Court, shall set forth the name of the objecting party, the basis for the objection, the specific grounds therefor, and shall be filed with the Bankruptcy Court electronically in accordance with General Order 559 (with a courtesy copy delivered to the Chambers of the Hon. Robert D. Drain) and served in accordance with General Order 559, and served upon: (i) Archer & Greiner, counsel to All Year Holdings Limited, Attn: Allen G. Kadish, Esq. and Harrison H.D. Breakstone, Esq., 1211 Avenue of the Americas, New York, New York 10036, and (ii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, so as to actually be filed with the Bankruptcy and received by **June 20, 2022**.

**PLEASE TAKE FURTHER NOTICE** that you may review the Motion at the Office of the Clerk of the Bankruptcy Court or by accessing the Court's electronic filing system at www.nysb.uscourts.gov, or you may contact the undersigned counsel by phone or email and copies of the Motion will be provided. If no objection to the Motion is timely filed and received, the Bankruptcy Court may grant the relief sought in the Motion at the Hearing. Objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York  
      May 20, 2022

ARCHER & GREINER, P.C.

By:   s/ Allen G. Kadish  
    Allen G. Kadish  
    Harrison H.D. Breakstone  
1211 Avenue of the Americas  
New York, New York 10036  
Tel: (212) 682-4940  
Email: akadish@archerlaw.com  
       hbreakstone@archerlaw.com

*Attorneys for All Year Holdings Limited*

224473750v1

| | |
|---|---|
| ARCHER & GREINER, P.C.<br>1211 Avenue of the Americas<br>New York, New York 10036<br>Allen G. Kadish<br>Harrison H.D. Breakstone<br>Tel: (212) 682-4940<br>Email:  akadish@archerlaw.com<br>            hbreakstone@archerlaw.com | Hearing Date: June 27, 2022<br>Hearing Time: 10:00 A.M. |

*Attorneys for All Year Holdings Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| In re:<br><br>MY2011 GRAND LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23957 (RDD)<br>(Jointly Administered) |

------------------------------------------------------------x

### MOTION OF ALL YEAR HOLDINGS LIMITED
### TO COMPEL DEBTORS TO COMPLY WITH COURT ORDER

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

All Year Holdings Limited ("AYHL"), hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), compelling the Debtors to comply with this Court's *Order Approving Settlement Agreement Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019(a)* (the "Settlement Order") [Docket No. 136], requiring the Debtors to pay certain amounts under the settlement, consent to the filing of a junior mortgage on their real property and participate in a joint marketing process of the real property, and respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification numbers are as follows:  MY 2011 Grand LLC (0415) and S&B Monsey LLC (7070). Movant, AYHL, is a debtor in possession in Chapter 11 Case No. 21-12051 (MG) in this Court.

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of New York (this "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is core within the meaning of 28 U.S.C. § 157(b)(2)(a) and (o).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

4. The statutory and legal bases for the relief requested herein are section 105(a) of the United States Bankruptcy Code (the "Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

*A.    The Settlement Motion*

5. On September 13, 2021, the Debtors filed the *Debtors' Motion for Approval of Settlement Agreement Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9019(a)* (the "Settlement Motion") [Docket No. 126].[2] The Settlement Motion sought Court approval of that certain *Settlement Agreement* dated August 30, 2021 (the "Settlement Agreement"). The Settlement Agreement was reached to resolve a dispute and litigation between AYHL and the Debtors. The Debtors acknowledged that "before the Court may confirm the Plan, the issue of Merger consideration to be provided to AYHL must be resolved either consensually or by court adjudication… [as] [i]t is a gating item and a condition precedent to confirmation." Settlement Motion ¶23. An extended background of the related factual circumstances surrounding the Settlement Agreement is set forth in the Settlement Motion.

*B.    The Settlement Order*

6. On October 25, 2021, the Court granted the Debtors' Settlement Motion and entered the Settlement Order.

---

[2] A dually executed copy of the Settlement Agreement (defined below) is attached to the Settlement Motion as Exhibit B.

2

  7. The Settlement Order provides, in relevant parts:

   a. GL II shall cause GL to pay, and GL shall pay, four million seven hundred thousand dollars ($4,700,000.00) to AYHL (the "Payment"). The Payment shall be made by wire transfer to AYHL on and as a disbursement to be made among the Effective Date transactions, with TIME BEING OF THE ESSENCE.

   b. Upon receipt of the Payment, AYHL (including, but not limited to any of, its wholly owned subsidiaries) shall not have any interest in GL, GL II or the Property and shall be entitled to no further consideration for its former membership interests in GL II, which shall be deemed surrendered or cancelled.

   d. So long as AYHL has not yet received the Payment, six (6) months after the earliest of (a) the Confirmation Denial Date, (b) the date of entry of an order confirming the Plan (the "Confirmation Order"), and (c) October 31, 2021 (the earliest, the "Trigger Date"):

    i. AYHL shall be entitled to the release from escrow of, pursuant to a mutually agreeable escrow agreement (the "Escrow Agreement"), and to record with the Kings County Clerk a junior mortgage (and, inter alia, note) acceptable in form and substance to AYHL upon the Property (the "AYHL Mortgage") (both of which shall be prepared prior to the confirmation hearing date); and

    ii. The Parties, working jointly and in good faith, shall market the Property for sale through a third-party broker in an arms-length transaction which will achieve the highest fair market value, provided, however that such sale process shall be consummated within six (6) months from the start of the marketing process; notwithstanding the foregoing, AYHL may exercise any and all rights under the AYHL Mortgage.

Settlement Order ¶19. These provisions were repeated from the Settlement Agreement and specifically ordered.

  8. Additionally, the Court retained jurisdiction to consider any disputes or other issues to arise relating to the Settlement Order and the Settlement Agreement and compel implementation thereof. Settlement Order ¶20.

3

9. More than six months have passed since October 31, 2021 (the "Trigger Date" as defined in the Settlement Agreement and Settlement Order) and no payment was made. Additional principal and interest accrues. AYHL demanded payment, the execution of a junior mortgage and note, and the retention of a broker and implementation of a marketing program, each as set forth in the Settlement Order. The Debtors refused to act in any such respect.

10. On April 11, 2022, the Debtors' mezzanine lender filed the *Motion of 227 Grand Street Mezz Lender LLC for an Order Converting the Debtors' Cases to Cases Under Chapter 7 of the Bankruptcy Code* [Docket No. 187]. On May 18, 2022, the Debtors filed the *Objection to Motion of 227 Grand Street Mezz Lender LLC for an Order Converting the Debtors' Cases to Cases Under Chapter 7 of the Bankruptcy Code* [Docket No. 190] (the "Objection"). In the Objection the Debtors highlight as an argument to deny conversion that they "achieved a critical settlement with AYHL, which settlement allowed the Debtors to acquire the equity of AYHL which was previously an impediment to confirmation." Objection ¶19. The Debtors neglect to disclose that despite AYHL's demands, the Debtors have failed to perform under the Settlement Order.[3] As a result, AYHL has filed or shortly will file a Notice of Pendency in the New York State real property records acknowledging its interest in the Debtors' property, attaching a copy of the Settlement Order, and reserves rights to realize on its lien.

### RELIEF REQUESTED

11. By this Motion, AYHL requests that this Court direct relief substantially as provided in the Proposed Order, enforcing the terms of the Settlement Order and requiring the Debtors to pay the obligation due under the Settlement Order, or failing payment, comply with the protections built in to the Settlement Order as interest and additional principal accrue, including to

---

3 AYHL reserves all rights to seek sanctions based on the Debtors' failure to comply with the Settlement Order.

4

(i) execute the AYHL Mortgage including any other instrument necessary to acknowledge AYHL's lien; (ii) retain an acceptable broker to market and sell the Property; (iii) provide Diligence Materials to the broker, (iv) cooperate with, and provide updates to, AYHL regarding the sale process, and (v) set the Property for timely sale as required by the Settlement Order.

## BASIS FOR RELIEF REQUESTED

### A. The Court has Jurisdiction and Authority to Enforce the Settlement Order.

12. "Bankruptcy courts retain jurisdiction to enforce and interpret their own orders." *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 97 (2d Cir. 2005).

13. Courts have a significant interest in ensuring compliance with their prior orders. *See Benjamin v. Jacobson,* 172 F.3d 144, 157 (2d Cir. 1999) ("[I]t is well established that a federal court ordinarily has the power to enforce its own orders and judgments"); *Berger v. Heckler*, 771 F.2d 1556, 1568 (2d Cir. 1985) ("[a]s a general matter, a federal court's interest in orderly, expeditious proceedings justifies any reasonable action taken by the court to secure compliance with its orders") (internal quotes and citations omitted). Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out" the Bankruptcy Code's provisions, and this section "codif[ies] the bankruptcy court's inherent power to enforce its own orders." *Back v. LTV Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 640 (S.D.N.Y. 1997).

14. Where a party seeks to enforce an order already in place, an adversary proceeding is not necessary. *See In re Navigator Gas Transport PLC,* 358 B.R. 80, 87 (Bankr. S.D.N.Y. 2006) ("Where enforcement of a prior order of the court is at issue, parties are entitled to proceed by motion, so long as due process concerns are satisfied") *(citing In re Worldcorp. Inc.,* 252 B.R. 890, 895 (Bankr. D. Del. 1999)). Furthermore, pursuant to the terms of the Settlement Order, the Court "retain[ed] jurisdiction with respect to all matters arising from or related to the interpretation or

5

implementation of this Order." Settlement Order ¶20.  Accordingly, the Court holds jurisdiction and authority to enforce the Settlement Order that in turn, approved the terms of the Settlement Agreement. *See U.S. Lines, Inc. v. GAC Marine Fuels, Ltd. (In re McClean Indus., Inc.),* 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("[a]ll courts, whether created pursuant to Article I or Article III, have inherent contempt power to enforce compliance with their lawful orders.  The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order"); *see also Matter of Ramos*, No. 10-23019-RDD, 2013 WL 5461859, at *1 (Bankr. S.D.N.Y. Oct. 1, 2013) (Drain, J. ) (Court enforced prior order).

### B.    *This Court Should Enforce the Terms of the Settlement Order and Compel the Debtors' Compliance.*

15.    The Settlement Agreement was intended to resolve all issues between AYHL and the Debtors.  By the Debtors' own accord, the entry of the Settlement Order was a "… gating item and a condition precedent to confirmation."  Settlement Motion ¶23

16.    Despite the Debtors' suggestions that the Settlement Order would pave the way for a timely plan confirmation and sale or refinancing process, AYHL negotiated certain protections for the all too likely and unfortunate scenario where the Debtors were not able to achieve timely confirmation of a plan and/or payment of the obligation to AYHL.

17.    Since AYHL's attempts to get the Debtors to comply with the Settlement Order and the remedies set forth therein have not been successful, AYHL believes it is necessary and appropriate under section 105(a) of the Bankruptcy Code and Rule 9019 that the Court enter an Order compelling the Debtors' compliance with the terms of the Settlement Order.  AYHL will not sit on its rights.

### i.    *The Execution and Recordation of an AYHL Mortgage*

18.    AYHL has made a demand upon the Debtors and presented a form of the AYHL mortgage and note and has not received any meaningful response.

6

19. In order to protect AYHL's rights under the Settlement Agreement, AYHL has filed or shortly will file a Notice of Pendency, in the form substantially as attached hereto as Exhibit B, with the Clerk of The County of Kings, as contemplated by the Settlement Order, so as to establish a due public record of its interest granted by the Settlement Order. AYHL reserves its rights to then enforce its lien parallel to a marketing process, as approved in the Settlement Order.

20. This Court should enforce its Settlement Order and require the Debtors' compliance therewith by requiring the Debtors to execute the AYHL Mortgage including any other instrument necessary to acknowledge AYHL's lien pursuant to the agreed, and approved, Settlement Agreement and Settlement Order.

*ii.    Marketing of the Property*

21. AYHL has made a request of the Debtors for the retention of an acceptable broker and for exchange of pertinent building diligence information needed to conduct a marketing process, including financial information, rent roll, expense reports and mortgage statements for the Property (the "Diligence Materials"). AYHL provided a list of several acceptable brokers; having no meaningful reply, AYHL demanded compliance and the retention of one of them, with no meaningful response.

22. Since AYHL's attempts to obtain the Debtors' cooperation with conducting a sale process and providing any clarity with regard to the Debtors' go-forward plan, AYHL requests that this Court enforce its Settlement Order and require the Debtors to (i) cooperate with AYHL in conducting a joint marketing process of the Property to conclude in six months, by October 31, 2022; and (ii) cooperate with a marketing and sale process and provide status updates and share the Diligence Materials.

23. AYHL requests that this Court direct the Debtors' compliance with the Settlement Oder forthwith. The remedies provided in the Settlement Order were agreed and mandated so we

7

would not end up with these Debtors exactly where we are.  Now that the Debtors failed to comply with the affirmative provisions of the Settlement Agreement, AYHL is left to enforce the remedies provided.  AYHL requests that this Court direct the Debtors' compliance with the Settlement Order.

## **CONCLUSION**

WHEREFORE, AYHL respectfully requests that this Court grant the relief sought in this Motion, compel the Debtors to perform as mandated by the Settlement Order, and direct relief substantially as set forth in the Proposed Order attached hereto as Exhibit A, and grant such other and further relief as is just and proper.

Dated:  New York, New York  　　　ARCHER & GREINER, P.C.
　　　　May 20, 2022

　　　　　　　　　　　　　　　　　　By:   s/ Allen G. Kadish
　　　　　　　　　　　　　　　　　　　　Allen G. Kadish
　　　　　　　　　　　　　　　　　　　　Harrison H.D. Breakstone
　　　　　　　　　　　　　　　　　　1211 Avenue of the Americas
　　　　　　　　　　　　　　　　　　New York, New York 10036
　　　　　　　　　　　　　　　　　　Tel: (212) 682-4940
　　　　　　　　　　　　　　　　　　Email: akadish@archerlaw.com
　　　　　　　　　　　　　　　　　　　　　　 hbreakstone@archerlaw.com

*Attorneys for All Year Holdings Limited*

8

## Index to Exhibits

**A**     **Proposed Order**

**B**     **Notice of Pendency (with copy of Settlement Order)**

224408556v6