**LEECH TISHMAN ROBINSON BROG, PLLC**  
875 Third Avenue, 9th Floor  
New York, New York 10022  
Tel. No.: 212-603-6301  
Fred B. Ringel, Esq.  
Steven B. Eichel, Esq.

*Attorneys for 227 Grand Street Mezz Lender LLC*

Hearing Date: May 24, 2022 at 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
---------------------------------------------------------------X

In re:

**MY 2011 GRAND LLC,** [1]

                Debtors.

---------------------------------------------------------------X

Chapter 11

Case No. 19-23957 (RDD)  
Jointly Administered

**227 GRAND STREET MEZZ LENDER LLC's REPLY TO DEBTORS' OBJECTION TO MOTION FOR ENTRY OF AN ORDER CONVERTING THE DEBTORS' CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

      **227 Grand Street Mezz Lender LLC** ("Lender"), a secured creditor and party in interest, through its counsel, **Leech Tishman Robinson Brog, PLLC** submits this reply ("Reply") to the response and objection (the "Objection") of My 2011 Grand LLC ("Grand") and S&B Monsey ("Monsey", together with Grand, the "Debtors") to Lender's motion for the entry of an order (the "Order") under Sections 105 and 1112(b) of Chapter 11, Title 11, United States Code 11 U.S.C. Section 101 et seq. ("Bankruptcy Code") and Rules 1017 and 2002(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") converting the above captioned Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code. In support of the Reply, the Lender respectfully represents:

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: MY 2011 Grand LLC (0415) and S&B Monsey LLC (7070).

{01150539.DOC;2 } 1

## ARGUMENT

1. The Motion asserted the following four basis to convert these bankruptcy cases to Chapter 7:

> a. as a result of the continuing accrual of interest on the claims of the Senior Lender, AYHL, and the Lender, as well as continuing administrative expenses of Debtors' counsel, there is a substantial or continuing loss or diminution of the Debtors' estates and an absence of a reasonable likelihood of rehabilitation;
>
> b. the Debtors have been unable to confirm a plan in almost two and one-half years and will be unable to do so within a reasonable time.
>
> c. the Debtors have failed to timely comply every month with the Court's Order dated June 17, 2020 [Dkt. No. 33] ("June 2020 Order")[2], which required Debtors to certify to Lender's counsel with respect to previous month (a) payment of service on the mortgage on the Property[3], and (b) payment or real estate tax obligations due on the Property or funding of the escrow for real estate taxes with the holder of the first mortgage on the Property, as applicable; and
>
> d. the Debtors failed to timely file many of their required monthly operating reports

2. As explained in the Motion and below, the Lender has shown cause to convert the cases under each of the above grounds. As the Lender has established cause, the burden shifted to the Debtors to either: "(a) demonstrate that unusual circumstances exist that show that dismissal or conversion unfavorable to the creditors or estate; or (b) establish that a plan will be confirmed and that the act or omission that forms the basis for the aforementioned cause to dismiss or convert will be cured within a reasonable time." *StellarOne Bank* v. *Lakewatch LLC (In re Park)*, 436 B.R. 811, 815 (Bankr. W.D. Va. 2010) (citation omitted); *see also* 11 U.S.C. §1112(b)(2). The Debtors have shown neither and failed to establish their

---

[2] The June 2020 Order was in the context of the Court's denial of the Lender's motion to lift the automatic stay under section 362 of the Bankruptcy Code.

burden. The Debtors have had a meaningful opportunity -- over two and one half years -- to confirm a plan. Their time has run out. The Debtors have not established that they have the ability to confirm a plan with a reasonable time given, among other things, (i) the lack of evidence of committed financing and (ii) the Debtors' failure to timely litigate or resolve the large outstanding claims of the Lender and 215 Moore Street Mezzanine Lender LLC ("Moore Mezz Lender"). Thus, these cases should be converted to Chapter 7.

**Cause Exists under Section 1112(b)(4)(A) to Convert the Bankruptcy Cases**

3. The Lender asserted and demonstrated that there is cause to dismiss these bankruptcy cases under §1112(b)(4)(A) because there was both (i) substantial or continuing loss to or diminution of the estate and (ii) absence of a reasonable likelihood of rehabilitation. See *In re BH S&B Holdings, LLC,* 439 B.R. 342, 347 (Bankr. S.D.N.Y. 2010) ("Under section 1112(b)(4)(A), cause for conversion or dismissal is established if there is a 'substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.'") (quoting statute); *See Andover Covered Bridge LLC, 553 B.R. 162, 174-176 (BAP 1st Cir. 2016).*

4. There can be no dispute that (i) the Debtors are not operating entities, (ii) the monthly operating reports show no cash flow, and (iii) the Debtors are incurring administrative expenses and accruing interest and expenses without generating any revenue. Thus, the combination of (i) the accrual of interest by the Lender, Senior Lender and AYHL and the continuing administrative expenses by the Debtors' professionals, and (ii) no revenue having been generated by the Debtors in almost two and one-half years, satisfies the first prong that there is a substantial or continuing loss to or diminution of the estate.

---

[3] Capitalized terms not defined herein shall have the meaning ascribed to such term in the Motion.

{01150539.DOC;2 }3

5.      There is also no reasonable likelihood of rehabilitation. The Debtors cannot "re-establish a sound financial basis" because the Debtors generate no income and there appears to be insufficient value in the Property that would allow them to refinance the Property and confirm a plan.  Although the Debtors assert in paragraph 2 of the Objection that they have the requisite financing to confirm a plan, noticeably absent from the Debtors' Objection is (i) any evidence of such financing to pay all their obligations and confirm a plan, or (ii) any rebuttal to the Lender's analysis that the Debtors' proposed funding attached to their disclosure statement is insufficient to confirm a plan.  At a minimum, if the Debtors had such committed financing, they should have and would have attached it to the Objection. There is no evidence that the Debtors have such financing that will enable them to confirm a plan within a reasonable period of time.  Thus, the Debtors have not shown a realistic prospect of rehabilitating their business and returning to profitability within a reasonable period of time.

6.      Debtors' arguments in the Objection are either irrelevant to rebut cause or not supported by evidence.  Either way, the Debtors have failed to satisfy their burden.  The Debtors assert the Court should not convert their cases to Chapter 7 under section 112(b)(4)(A) because (i) the Court has yet to determine (a) the validity of the claim of Moore Mezz Lender") and (b) the amount of the Lender's claim, both of which have been objected to, (ii) the value of the Property has increased, and (iii) the property owner has paid all its real estate taxes and mortgage payments to Madison Realty Capital, the holder the first mortgage against the real estate.  Objection at ¶8.  The Debtors also assert (i) even if they cannot settle the claims of the Lender and Moore Mezz Lender, the Lender's argument regarding diminution in value is not material if the Debtors successfully reduce the claims

{01150539.DOC;2 } 4

against the Debtors' estates, and (ii) resolving the AYHL dispute was an unusual circumstance that led to the delay in this case and until that dispute was resolved, nothing could happen.  Objection at ¶¶9,10.

7. None of the Debtors' arguments are a basis to deny to the Motion.  First, on February 10, 2022, this Court held a hearing on the Debtors' objection to the claim of the Moore Mezz Lender.  On March 2, 2022, the Court entered an order (i) denying the portion of the claims objection seeking to estimate the Moore Mezz Lender claim at $0 for distribution and voting purposes, and (ii) that the allegations by Monsey against Moore Mezz Lender asserting fraudulent transfer, equitable subordination and/or equitable marshaling as objections and/or defenses to the Moore Mezz Lender claim must be made in an adversary proceeding and therefore, such claims and defenses in the claims objection are denied without prejudice to their assertion in such a proceeding.  [Dkt No 178].  As three months have passed since the February hearing and no adversary proceeding was commenced, there is currently no pending objection against the Moore Mezz Lender.  Thus, this potential adversary proceeding is not a basis to deny the Motion.[4]  Even if an adversary proceeding were commenced, it is irrelevant as it does not rebut cause and is not a basis to deny the Motion as the Debtors would be unable to confirm a plan within a reasonable time.

8. Similarly, at the March 31, 2022 hearing on the Debtors' objection to the Lender's claim, the Court citied to its own decision *53 Stanhope* for the general proposition that New York generally recognizes the enforceability of default interest.  March 31, 2022 Tr. at p. 15.  Moreover, even if the Debtors were successful in reducing the interest rate from

---

[4]Moreover, as the Court may recall, during the hearing, counsel for the Lender advised the Court that any potential claim would be time barred under section 546  because the case was filed more than two years ago.

a higher default interest rate to a lower non-default interest rate (which they won't because there has been no evidence to support this claim), any interest accruing regardless of the rate would still be a diminution of the Debtors' estates.[5]

9.  The Debtors also claim that they paid all the real estate taxes and the first mortgage, but there is no evidence that they have done so through the end of the April 2022. Although the Debtors are required to provide monthly certifications, they have failed to do so for the last three months (February through April 2022), even after the Lender raised the Debtors' failure to comply with the June 2022 Order in the Motion.[6]

10. Furthermore, the Debtors, without citing any case law, assert that the litigation and resolution of the AYHL claim is an unusual circumstance that would prevent the Debtors' cases from being converted to Chapter 7. Not only do the Debtors fail to cite a basis for that assertion, the case law is clear that because "cause" for conversion exists under Section 1112(b)(4)(A) [substantial or continuing loss to or diminution of the estate], under the language of the statute, the Section 1112(b)(2) "unusual circumstances" exception simply does not apply. See *In re Herb Philipson's Army*, at *7 n. 6 (Bankr. N.D.N.Y. Dec. 19, 2019)); *In re Andover Covered Bridge, LLC,* 553 B.R. 162, 177 (BAP 1st Cir. 2016); *In re Burgess*, No. 11-1257, 2013 WL 5874616, at *3 (Bankr. N.D.W. Va. October 30, 2013). Thus, the delay in resolving the AYHL claim is not an unusual circumstance that is a basis to deny the Motion.

---

[5] Although nearly two months have passed since the March 31st hearing, the Debtors have neither commenced any discovery nor filed an adversary proceeding for the equitable subordination claim. The Debtors should not benefit from their inaction But, even if discovery was commenced and an action were filed, it would not change the result as interest accrues (regardless of the rate), there would be diminution of the Debtors' estates.

[6] It is interesting that the Debtors assert (as if it was a basis to deny the Motion) that the Lender did not spend money moving to enforce the Debtors' court ordered obligation. If the Lender had made such a motion, the Debtors would argue that it was not necessary and the fees for such a motion should not be reimbursed as part of its claim.

{01150539.DOC;2 }6

**Cause Exists to Convert These Cases Because Debtors Have Been
Unable To Confirm A Plan In Almost Two and One-Half Years
And Will Be Unable To Do So Within A Reasonable Time**

11.     As (i) the case is two and one-half years old, (ii) the Debtors have not demonstrated the financial ability to confirm a plan, and (iii) the Debtors are required to commence adversary proceedings to seek to substantially reduce the claims of the Lender and Moore Mezz Lender (which adversary proceedings have not been commenced yet), the Debtors will be unable to confirm a plan within a reasonable time, especially given their requirement to sell the Property under their settlement agreement with AYHL. Thus, cause exists to convert these cases to Chapter 7 so that a trustee can enforce the AYHL settlement and sell the underlying Property for the benefit of the Secured Lender, AYHL, the Lender and the Debtors' unsecured creditors.

**There Is Cause To Convert The Case Under Section 1112(b)(4)(E)
For Failure To Comply With A Court Order**

12.     Section 1112(b)(4)(E) provides that a debtor's failure to comply with an order of the court "is cause to convert or dismiss a Chapter 11 case". 11 U.S.C. §1112(b)(4)(E) "[C]ompliance with court orders is a fundamental obligation of any party." *In re Babayoff*, 445 B.R. at 80. "Section 1112(b)(4)(E) does not require that the debtor's failure be willful or the product of bad faith or fraud." *Id.*

13.     Here, the Debtors failed to comply each month with the June 2020 Order, which required Debtors to notify Lender's counsel with respect to the previous month (a) payment of debt service on the mortgage on the Property, and (b) payment of real estate tax obligations due on the Property or funding of the escrow for real estate taxes with the holder of the first mortgage on the Property, as applicable. Debtors provided evidence periodically,

but not every month.  The Debtors had a continuing obligation to comply with the June 2020 Order every month, which they failed to comply with.  As of May 20, 2020, the Debtors continued to fail to comply with the Court's June 2020 Order as they still have not provided the requested certification to counsel for February 2022 through April 2022.  Contrary to Debtors' assertion, this Court's order is not an optional request that they can choose to ignore and only provide information when they have something to report. See Objection at ¶ 11 ("The Debtors make reports to Grand Mezz Lender when there is something to report"). The Debtors' interpretation of the June 2020 Order and their continued failure to abide by it mocks the June 2020 Order as the Debtors believe that it is a discretionary order that they can choose whether to obey rather than a court imposed mandatory monthly obligation.  The failure to timely comply with this Order cannot be cured.  This factor establishes cause to convert these cases.

### Cause Exists To Convert These Cases From Chapter 11 To Chapter 7 Because Debtors Have Failed To Timely File A <u>Significant Number of Monthly Operating Reports</u>

14.     Section 1112(b)(4)(F) of the Bankruptcy Code provides that "cause" to dismiss or convert a Chapter 11 case includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."  11 U.S.C. §1112(b)(4)(F).  The U.S. Trustee Operating Guidelines requires that monthly operating reports are to be filed by the 20th day of the month following the reporting period, except that operating reports for the Southern District of New York are due on the 15th of the month.

15.     Here, the Debtors have been both deficient in timely filing operating reports and have also filed numerous catch-up reports at one time to try to cover up their breach of

the requirements to file monthly operating reports. Despite that the Motion specifically mentioned the Debtors' deficiency in failing to timely file monthly operating reports, the Debtors still have not filed operating reports for February, March, and April 2022. The Debtors assertion that there is an undisclosed reason for the significant delay in filing monthly operating reports is not a basis to deny the Motion. The obligation to timely file operating reports cannot be cured. For the reasons set forth in the Motion, the failure to timely file monthly operating reports is cause to convert these cases.

## CONCLUSION

16. Here, cause exists to convert the Debtors' Chapter 11 Cases to Chapter 7 for the reasons set forth above and in the Motion.

**WHEREFORE**, the Lender respectfully requests (a) entry of the Order converting the Debtors' Chapter 11 cases to cases under Chapter 7; and (b) any other relief that the Court deems just and proper.

**DATED:**  New York, New York
May 20, 2022

                **LEECH TISHMAN ROBINSON BROG, PLLC**
                *Attorneys for 227 Grand Street Mezz Lender LLC*

                By: /s/ Fred B. Ringel
                     Fred B. Ringel
                     Steven B. Eichel
                     875 Third Avenue, 9th Floor
                     New York, NY 10022
                     Tel. No.: (212) 603-6301