

September 2, 2022

Steven B. Eichel
(212) 603-6345
Seichel@leechtishman.com

**VIA ECF AND EMAIL**
The Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court
300 Quarropas Street
White Plains, New York 10601-4140

  RE: In re My 2011 Grand LLC ("Grand"), Case No 19-23957 (SHL)
     In re S& B Monsey LLC ("Monsey"), Case No. 19- 23959 (SHL)

Dear Judge Lane:

  This firm is counsel to secured creditor 227 Grand Street Mezz Lender LLC ("Mezz Lender") in the above-referenced cases and are writing to request a status conference in these cases. On June 30, 2011, Judge Drain signed the Stipulation and Order Resolving Proof of Claim Filed By 227 Grand Street Mezz Lender LLC ("Stipulation and Order"), which is attached hereto as Exhibit A. The Stipulation and Order, among other things, (i) resolved the Mezz Lender's claim in both My 2011 Grand LLC ("2011 Grand") and S&B Monsey LLC ("S&B"), and (ii) provided that if the Mezz Lender was not paid on account of its Allowed Sale Claim (as defined in the Stipulation and Order) by July 15, 2022 (which it was not), the real property located at 225-227 Grand Street, Brooklyn, New York (the "Real Property"), will be marketed as of July 16th for 60 days. Stipulation and Order at ¶6. The Stipulation and Order further provided the Debtors are seeking a fair-market value sale process seeking the highest and best offer with a contract signing scheduled to the highest bidder for no later than September 15th and closing to occur no later than 30 days after the contract signing (i.e., Friday, October 14, 2012) (the "Sale"). *Id.* In the event that the process shall not result in the net proceeds from the Sale in sufficient amounts to cover the Allowed Sale Claim and the other

LEECH TISHMAN ROBINSON BROG, PLLC

875 Third Avenue, 9th Floor | New York, NY 10022 | T: 212.603.6300   F: 212.956.2164

4859-7704-0689, v. 1
LEECH         RB

Leech Tishman Robinson Brog, PLLC

The Honorable Sean H. Lane
September 2, 2022
Page 2.

payments necessary as provided in Section 8 of the Stipulation and Order by September 15, 2022, then an auction shall take place on September 16, 2022, with a contract signing on the same day, and a closing to occur no later than 30 days after the contract signing (i.e., Friday October 14, 2022). Under the Stipulation and Order, Mezz Lender has the right to credit bid at the auction for the Sale of the Real Property. *Id.*

With the potential auction fast approaching, I have tried to obtain information from the Debtors, through counsel, regarding the bidders for the Property and the amounts of their respective bids so my client knows whether there will be an auction or whether the Debtors' private sale will satisfy the Mezz Lender's claim. Notwithstanding my requests, the Debtors have not provided that information. Moreover, the Debtors have not provided (i) the amount of the claims that need to be paid as of the closing date in order for my client to credit bid under the Stipulation and Order, and (ii) bidding procedures for the potential auction. I am requesting a status conference at the Court's earliest opportunity so that all of these issues can be addressed in advance of the potential upcoming auction.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Steven B. Eichel
Steven B. Eichel

SE:tef

cc: Mark Frankel, Esq. (by email)
    Mark Lichtenstein (by email)
    Alan Kadish (by email)

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>**MY 2011 Grand LLC**, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23957 (RDD)<br>(Jointly Administered) |

## STIPULATION AND ORDER RESOLVING PROOF OF CLAIM FILED BY 227 GRAND STREET MEZZ LENDER LLC (CLAIM NOS. 3 IN BOTH CASES)

MY 2011 Grand LLC ("2011 Grand") and S&B Monsey LLC ("S&B"), the jointly administered debtors herein (each a "Debtor" and collectively, the "Debtors"), the Estate of Abraham Schwarzman (the "Schwarzman Estate"), Grand Living II, LLC ("GL II") and Grand Living, LLC ("GL", collectively with the Estate, GL and GL II, the "Non-Debtors") and 227 Grand Street Mezz Lender LLC ("227 Mezz Lender," and together with the Debtors and the Non-Debtors, collectively the "Parties", and each a "Party"), by and through undersigned counsel, hereby stipulate and agree (the "Stipulation") as follows:

**WHEREAS**, on November 6, 2019 (the "Petition Date"), the Debtors filed for bankruptcy protection under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, on July 7, 2020, the Debtors filed their Joint Plan of Reorganization [ECF No. 37] and Joint Disclosure Statement [ECF No. 38], as further amended by *First Amended Joint Plan of Reorganization and First Amended Joint Disclosure Statement* on July 9, 2021 [ECF Nos. 103, 104]; *Second Amended Joint Plan of Reorganization and Second Amended Joint Disclosure Statement* on November 19, 2021 [ECF Nos. 146, 147, 151], *Third Amended Joint Plan of Reorganization and Third Amended Joint Disclosure Statement* on January 5, 2022 [ECF No. 164,

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification numbers are as follows: MY 2011 Grand LLC (0415) and S&B Monsey LLC (7070).

{01151941.DOCX;3 }

165] and *Fourth Amended Joint Plan of Reorganization and Joint Fourth Amended Disclosure Statement* [ECF Nos. 171, 172] (collectively, the "Plan" and Disclosure Statement"); and

**WHEREAS**, on August 24, 2020, 227 Mezz Lender timely filed a proof of claim against each Debtor (assigned claim number 3 in both Debtor cases) asserting a secured claim in the amount of $10,281,719.45 in each of the Debtors' cases (collectively, the "Filed 227 Mezz Lender Claims"); and

**WHEREAS**, on August 24, 2021, the 227 Mezz Lender filed an objection to the Amended Disclosure Statement [ECF No. 119] and on August 27, 2021, the Debtors filed their Response to the objection [ECF No. 123]; and

**WHEREAS**, on December 30, 2021, 227 Mezz Lender and 215 Moore Street Mezzanine Lender LLC ("Moore Mezz Lender") filed their joint objection to Second Amended Disclosure Statement [ECF No. 159] and on January 5, 2022, the Debtors' filed their Response to the objection [ECF No. 167]; and

**WHEREAS**, on February 25, 2022, the Debtors filed the Verified Objection to the 227 Mezz Lender Claims (the "Debtors' Claims Objection") [ECF No. 176]; and

**WHEREAS**, on March 24, 2022, the 227 Mezz Lender filed its Response to the Debtors' Claims Objection (the "Mezz Lender Response") [ECF No. 180] asserting that the Filed 227 Mezz Lender Claim was $15,075,199.55 as of March 31, 2022 (the "227 Mezz Lender Claim"); and

**WHEREAS**, on March 28, 2022, the Debtors filed their Verified Reply in support of the Objection and in reply to the Response (the "Debtors' Reply") [ECF No. 184]; and

**WHEREAS,** on March 31, 2022, a hearing was held on the Debtors' Claims Objection, where the Court provided preliminary views as to its ruling on the Debtors' Claims Objection.

**WHEREAS**, on April 11, 2022, the 227 Mezz Lender filed a Motion for an Order Converting the Debtors' Cases to Cases Under Chapter 7 of the Bankruptcy Code (the "Conversion Motion") [ECF No. 187], which is currently scheduled to be heard on June 27, 2022 at 2:30 p.m.

**NOW, THEREFORE**, upon the foregoing recitals, which are incorporated as though fully set forth herein, subject to the approval of the Court, and after good faith negotiations between the Parties, it is hereby stipulated and agreed by and between the Parties as follows:

1. Except as otherwise provided herein, the Parties hereby agree that entry into this Stipulation shall fully and completely resolve any and all issues, disputes or controversies related to, arising from, or derivative of the 227 Mezz Lender Claim.

2. The 227 Mezz Lender Claims (claim nos. 3 in both cases) are hereby settled, fixed, and allowed as a secured claim in the amount of $10,800,000 against each of the Debtors to be paid pursuant to a Fifth Amended Joint Plan of Reorganization (the "New Plan") (as set forth hereinafter, the "Allowed Plan Claims"). The $10,800,000 payment as an Allowed Plan Claim does not include any payments to the Schwarzman Estate, which shall receive no payment on account of the Schwarzman's Estate's investment in 227 Mezz Lender other than in the context of a Sale (whether the 227 Mezz Lender submits a credit bid or receives proceeds). The Schwarzman Estate agrees that it shall not receive any of the $10,800,000 payment to 227 Mezz Lender on account of the settlement of the 227 Mezz Lender Claims if the payment under this Stipulation is on the $10.8 million Allowed Plan Claims.

3. Upon Court approval of this Stipulation, the Debtors shall submit a further amended Disclosure Statement ("New Disclosure Statement") and New Plan to the Court incorporating the terms of this Stipulation and shall seek to schedule a confirmation hearing on the New Plan during June 2022. Upon approval or preliminary approval of the New Disclosure Statement, the 227 Mezz Lender shall submit a ballot voting in favor of confirmation of the New Plan and shall

{01151941.DOCX;3 }                              - 3 -

withdraw its prior disclosure statement objections on the express condition that the New Plan provide for full payment of the Allowed Claims by no later than July 15, 2022, with time being of the essence (the "Agreed Payment"). The 227 Mezz Lender agrees to support confirmation of a New Plan that provides for full payment of the Allowed Plan Claims, including having the confirmation hearing on the New Plan scheduled on shortened notice, and to not object to confirmation thereof; provided there is nothing in the New Plan that is adverse to or inconsistent with this Stipulation.

4.    Upon the approval of the New Plan and 227 Grand Mezz Lender's receipt of the $10.8 million, the Estate shall be deemed to have fully released and discharged 227 Grand Mezz Lender and its respective heirs, agents, legal representatives, members, affiliates, successors, assigns and beneficiaries from any and all claims (as defined in Section 101(5) of the Bankruptcy Code), which the Schwarzman Estate has or may have had at any time against 227 Grand Mezz Lender, including, but not limited to, claims relating to the payment of the $10.8 million Allowed Plan Claim to paid to 227 Grand Mezz Lender.

5.    Upon the receipt of $10.8 million by Debtors on account of the Allowed Plan Claim, 227 Grand Mezz Lender shall be deemed to have fully released and discharged the Schwartzman Estate and its respective agents, legal representatives, successors, assigns and beneficiaries of any and all Claims (as defined in Section 101(5) of the Bankruptcy Code) which 227 Mezz Lender has or may have had at any time against the Schwarzman Estate.

6.    If the $10.8 million Allowed Plan Claim is not received by 227 Mezz Lender by July 15, 2022, the real property owned by GL located at 225-227 Grand Street, Brooklyn, New York (the "Real Property") shall be marketed for sale by DJ Johnston of B6 Brokerage as of July 16, 2022 for 60 days, until September 16, 2022. This shall be a fair market value sale process, seeking the highest and best offer with a contract signing scheduled to the highest bidder for no

later than September 15th and closing to occur no later than 30 days after the contract signing (i.e., Friday, October 14, 2022) (the "Sale"). In the event that the process shall not result in the net proceeds from the Sale in sufficient amounts to cover the Allowed Sale Claim and the other payments necessary as per Section 8 below by Sept 15, 2022, then an auction shall take place on September 16, 2022, with a contract signing on the same day, and a closing to occur no later than 30 days after the contract signing (i.e., Friday, October 14, 2022). 227 Mezz Lender shall have the right to credit bid at the auction for the Sale of the Real Property as set forth herein.

7.  If 227 Mezz Lender is not paid by July 15, 2022, time of the essence, then the 227 Mezz Lender Claims shall become allowed claims in their full amount, including default interest, legal fees and any other fees and expenses allowed under the loan documents, which is in the amount of $16,148,422.96 (as of October 15, 2022), including legal fees through May 15, 2022 and all costs (the "Allowed Sale Claims")[2], and the Debtors waive all objections to such claims, including the right to commence an adversary proceeding to equitably subordinate the claim of 227 Mezz Lender. For the avoidance of doubt, in the event of a Sale, the Allowed Sale Claims shall include the participation interest of the Schwarzman Estate. In the event of a Sale, the 227 Mezz Lender shall receive full payment on account of its Allowed Sale Claim (of which the Schwarzman Estate with its 20.8% participation interest in 227 Mezz Lender would receive an aggregate of $3,358,871.96 on account of the Allowed Sale Claims). To ensure full payment, 227 Mezz Lender shall be entitled to credit bid at an auction (as set forth in paragraph 11 below).

8.  The Parties agree that in the event of a Sale, the proceeds from the Sale of the Real Property shall be in the following order:

---

[2] For the avoidance of doubt, in the event that 227 Mezz Lender is paid on account of its Allowed Sale Claim, it shall be entitled to recover its legal fees and expenses between May 16, 2022 and the date it receives payment. Nothing in this Stipulation shall affect or impair 227 Mezz Lender's right to collect attorneys' fees under the loan documents with the Debtors.

{01151941.DOCX;3 }    - 5 -

(a) First, to the senior lender 227 Grand Street LLC, whose claim will be in the amount of $18,918,262.30 as of July 15, 2022, not including attorney fees and costs ("Senior Claim"), provided however, the amount of the Senior Claim shall only be valid if GL complies with its agreement and understandings with 227 Grand Street LLC.

(b) Second, to All Year Holdings Limited ("AYHL"), as provided in the AYHL Stipulation (as defined below), whose claim is in the approximate amount of $5 million as of June 1, 2022 ("AYHL Claim").

(c) Third, to 227 Mezz Lender, whose Allowed Sale Claim is $16,148,422.96 as of October 15, 2022 (not including legal fees after May 15, 2022). For the avoidance of doubt, in the event of a Sale, the Allowed Sale Claim shall include the interests of the Schwarzman Estate's participation interest in the Allowed Sale Claim of 227 Mezz Lender.

(d) Fourth, pro rata to the claims of allowed unsecured creditors in the aggregate amount of $1,710,675, inclusive of a $1,500,000 allowed claim of the 215 Moore Mezzanine Lender.

(e) Fifth, to the Debtors in their proportion of ownership of the Real Property.

9. The Parties agree that no other payments shall be made from the proceeds before the claimants in paragraph 8 above receive payment.

10. In the event of a Sale, the form of Purchase and Sale Agreement ("PSA") must be reasonably acceptable to 227 Mezz Lender and consistent with the terms of this Stipulation. To the extent there is a dispute as to the terms of the PSA, the Bankruptcy Court shall make a final determination as to the appropriate terms of the PSA consistent with this Stipulation.

11. In the event that 227 Mezz Lender seeks to submit a bid for the Real Property at the auction for the sale of the Real Property, it shall pay sufficient cash to pay the full amount of the Senior Claim and AYHL Claim ("Initial Cash Amount") before it is entitled to bid its Allowed Sale Claim toward the purchase price of the Real Property. In the event the bidding to purchase the Real Property exceeds the aggregate amount of the Senior Claim and AYHL Claim, the 227 Mezz Lender may credit bid up to the amount of the Allowed Sale Claim. To the extent that the

amount bid at the auction exceeds, the sum of the Senior Claim, the AYHL Claim and the Allowed Sale Claim, then the 227 Mezz Lender must pay cash for any bid it makes to purchase the Real Property in excess thereof.

12. It is a condition of the effectiveness of this Stipulation that 227 Grand Street LLC agrees to Section 8(a) of this Stipulation only and executes same on or prior to June 23, 2022.

13. GL and GL II each hereby waive the right and ability to file for bankruptcy protection and represent that they have no present or future intent to file for bankruptcy protection. GL and GL II further acknowledge that any bankruptcy filing by either of them would be futile and commenced in bad faith.

14. GL and GL II each hereby acknowledge and agree that should a proceeding under any bankruptcy or insolvency law be commenced by or against them, or if any of their property (including the Real Property) should become the subject of any bankruptcy or insolvency proceeding, then the 227 Mezz Lender shall be entitled, as specific consideration for this Stipulation, to, among other relief to which it may be entitled under this Stipulation and the loan documents it has executed with the Debtors (the "Loan Documents") and/or applicable law, an order from the Court granting immediate relief from the automatic stay pursuant to 11 U.S.C. §362 to permit (i) the Sale of the Real Property to occur and (ii) 227 Mezz Lender to exercise all of its rights and remedies pursuant to the Loan Documents, this Stipulation and/or applicable law.

15. In the event that either GL or GL II become the subject of any bankruptcy or insolvency proceeding, the Debtors each hereby acknowledge and agree that the 227 Mezz Lender shall be entitled as specific consideration for this Stipulation, to, among other relief to which it may be entitled under this Stipulation and the Loan Documents and/or applicable law, an order from the Court granting immediate relief from the automatic stay pursuant to 11 U.S.C. §362 to

permit (i) the Sale of the Real Property to occur and (ii) 227 Mezz Lender to exercise all of its rights and remedies pursuant to the Loan Documents, the Stipulation and/or applicable law.

16.  The Conversion Motion is hereby withdrawn without prejudice.

17.  227 Mezz Lender affirmatively represents and warrants that it has not previously assigned, sold or pledged either the Mezz Lender Claims to any third party, in whole or in part.

18.  The Parties agree that upon (i) this Stipulation being approved by the Bankruptcy Court, (ii) and upon 227 Mezz Lender receiving payment on account of the Allowed Plan Claims or the Allowed Sale Claims, as the case may be, the 227 Mezz Lender shall be barred from asserting any further claims with respect to 227 Mezz Lender's loan to the Debtors or the Real Property against the Debtors or the Debtors' estates, and (iii) and 92 days after the 227 Mezz Lender receives payment on account of the Allowed Plan Claims or the Allowed Sale Claims, as the case may be, the 227 Mezz Lender, on behalf of itself, and its successors and assigns, hereby releases, acquits and forever discharges the Debtors and the Debtors' estates from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorney's fees) of any kind, character or nature whatsoever, known or unknown, fixed or contingent, that 227 Mezz Lender may have or claims to have arising out of or connected with the 227 Mezz Lender's loan to the Debtors or the Real Property (other than the Debtors' obligations to pay the Allowed Plan Claims or Allowed Sale Claims and any other obligations under this Stipulation). Notwithstanding the foregoing, in the event that all or a portion of the payment on account of the Allowed Plan Claims or the Allowed Sale Claims are required to be disgorged as a preferential transfer or otherwise, the release provided by the 227 Mezz Lender herein shall be *void ab initio* and the 227 Mezz Lender Claim shall remain an obligation of the Debtors minus the payment amounts that it has received and retained, and the 227 Mezz Lender shall have the right to bring such claims against the Debtors and others as it deems appropriate.

19. Upon the Court approval of this Stipulation and the entry of an order confirming the New Plan becoming a Final Order, the Debtors shall be deemed to have fully released and discharged the 227 Mezz Lender and its respective heirs, agents, legal representatives, members, affiliates, successors, assigns, and beneficiaries from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorney's fees) of any kind, character or nature whatsoever, known or unknown, fixed or contingent which any of the Debtors have or may have had at any time against the 227 Mezz Lender, its members, owners, affiliates, successors and assigns, including, but not limited to, claims relating to the Allowed Plan Claims, the Allowed Sale Claims and the Debtors' Claims Objection (including the right to commence any adversary proceedings against the 227 Mezz Lender, provided, however, that nothing contained in this paragraph 19 shall release any of the obligations of the 227 Mezz Lender under this Stipulation, the New Plan or the Sale (including the obligation to pay 227 Mezz Lender under the terms of this Stipulation).

20. The terms of this Stipulation shall be incorporated into the Plan and the order confirming the Plan.

21. This Stipulation constitutes the entire agreement between the Parties related to the subject matter hereof, and supersedes all prior negotiations or agreements, oral or written, between the Parties with respect to all or any part of the subject matter hereof, which negotiations or agreements shall be of no further force or effect. It is expressly understood and agreed by the Parties hereto that this Stipulation may not be altered, amended, modified or otherwise changed in any respect whatsoever except by a writing duly executed by each Party or its authorized representatives.

22.     A condition to this Stipulation is that prior to the execution of this Stipulation, the Debtors are required to provide 227 Mezz Lender with either a binding term sheet or financing commitment satisfactory to it.

23.     227 Grand Street LLC has executed this Stipulation solely to indicate the amount due to it as of July 15, 2022 (subject to the caveat in paragraph 8(a) hereof. In consideration of 227 Grand Street LLC's execution of this Stipulation, upon execution thereof the Debtors, GL and GL II shall be deemed to have fully released and discharged 227 Grand Street LLC and its heirs, agents, legal representatives, members, owners, principals, affiliates, subsidiaries, successors, assigns, and beneficiaries from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorney's fees) of any kind, character or nature whatsoever, known or unknown, fixed or contingent which any of the Debtors, GL or GL II have or may have had at any time against 227 Grand Street LLC, and its heirs, agents, legal representatives, members, owners, principals, affiliates, subsidiaries, successors, assigns, and beneficiaries relating the Senior Claim and the loan and the Property in connection therewith,

24.     This Court shall retain jurisdiction over the Parties, who each consent to such jurisdiction of the Court, to interpret, enforce, and resolve any disputes advising on or related to the Stipulation, the New Plan and the Sale.

25.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original instrument, but all of which together shall constitute one and the same instrument.

26.     This Stipulation shall be binding upon and inure to the benefit of the Parties and each and all of their respective successors, assigns, heirs and personal representatives.

27.     It is hereby acknowledged that each Party has participated in and jointly consented to the drafting of this Stipulation, and that any claimed ambiguity shall not be construed for or against either Party on account of such drafting.

28.     The undersigned attorneys hereby represent and warrant that they are authorized to execute this Stipulation on behalf of their respective clients.

*[SIGNATURE PAGE TO FOLLOW]*

{01151941.DOCX;3 }                                   - 11 -

| | |
|---|---|
| Dated: New York, New York<br>June ___, 2022 | Dated: New York, New York<br>June ___, 2022 |
| **AKERMAN LLP** | **LEECH TISHMAN ROBINSON BROG, PLLC** |
| By: s/Mark S. Lichtenstein<br>Mark S. Lichtenstein<br>Joshua D. Bernstein<br>Benjamin R. Joelson<br>1251 Avenue of the Americas, 37th Floor<br>New York, NY 10020<br>Tel. (212) 880-3800<br>E-mail: mark.lichtenstein@akerman.com<br>E-mail: joshua.bernstein@akerman.com<br>E-mail: benjamin.joelson@akerman.com | By: s/Steven B. Eichel<br>Steven B. Eichel<br>Fred B. Ringel<br>875 Third Avenue, 9th Floor<br>New York, New York 10022<br>Tel. Co.: (212) 603-6300<br>E-mail: Fringel@leechtishman.com<br>E-mail: Seichel@leechtishman.com |
| -and- | *Counsel for 227 Grand Street Mezz Lender LLC* |

BACKENROTH FRANKEL & KRINSKY, LLP
Mark Frankel
800 Third Avenue
New York, New York 10022
Tel. No.: (212) 593-1100
E-mail: mfrankel@bfklaw.com

*Counsel for the Debtors*

**Dated: June __, 2022**

**GRAND LIVING II LLC**

By: s/ Mark S. Lichtenstein
Name: Mark S. Lichtenstein
Title: Manager

**Dated: June __, 2022**

**GRAND LIVING LLC**

By: s/ Mark S. Lichtenstein
Name: Mark S. Lichtenstein
Title: Manager

**ESTATE OF ABRAHAM SCHWARTZMAN**

---

**By :**


_s/Toby Moskovits___
**Toby Moskovits**


_s/Michael Lichtenstein_____
**Michael Lichtenstein**

CONSENTED AND ACKNOWLEDGED TO THIS __ DAY OF JUNE, 2022:

                      **227 GRAND STREET LLC,**
                      **as to the applicable paragraphs set forth above only.**

                      By:_____
                      Name:_____
                      Title:_____

**SO ORDERED THIS 30th DAY OF JUNE, 2022:**

__/s/Robert D. Drain_____
Robert D. Drain
United States Bankruptcy Judge