IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

In re:                                                    :    Chapter 11
                                                          :
MY 2011 GRAND LLC, *et al.*,[1]                           :    Case No. 19-23957 (shl)
                                                          :
                                    Debtors.              :
                                                          :    Jointly Administered
                                                          :
                                                          :
---------------------------------------------------------- x

## ORDER (A) APPROVING BIDDING PROCEDURES FOR SALE OF PROPERTY LOCATED AT 227 GRAND STREET, BROOKLYN, NEW YORK 11211 (B) SCHEDULING AUCTION FOR, AND HEARING TO APPROVE, SALE OF PROPERTY LOCATED AT 227 GRAND STREET, BROOKLYN, NEW YORK 1121 AND/OR HEARING ON APPROVAL OF DEBTORS' DISCLOSURE STATEMENT AND CONFIRMATION OF DEBTORS' PLAN, AND (D)  GRANTING RELATED RELIEF

Upon the (i) Order Approving the Settlement Agreement by and among My 2011 Grand LLC ("**2011 Grand**"), S&B Monsey LLC ("**S&B Monsey**", together with 2011 Grand, the "**Debtors**"), Grand Living II, LLC, Grand Living, LLC, GL Merger Partner, LLC, Yeichel Michael Lichtenstein, Moshe Dov Schweid, Toby Moskovits and All Year Holdings Limited Pursuant to 11 U.S.C § 105(a) and Federal Rule of Bankruptcy Procedure 9019(a), dated October 25, 2021 [Dkt No. 136]  (the "**9019 Order**")[2], (ii) the Stipulation and Order Resolving the Proofs of Claim Filed by 227 Grand Street Mezz Lender LLC ("**227 Grand**"), dated June 30, 2022 [Dkt. No. 213] (the "**227 Grand Stipulation and Order**") , and (iii) the Stipulation and order Resolving Proof of Claim Filed by 215 Moore Street Mezzanine Lender LLC ("**215 Moore**"), dated June 30,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal taxpayer identification numbers, are My 2011 Grand LLC (0415) and S&B Monsey LLC (7070).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures attached hereto as <u>Exhibit 1</u>.

2022 [Dkt No. 214] (the "**215 Moore Stipulation and Order**"); and upon the oral motion of the Debtors and 227 Grand requesting entry of an order (this "**Order**"), pursuant to sections 105 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) approving the bidding procedures (the "**Bidding Procedures**"), attached hereto as <u>Exhibit 1</u>, pursuant to which the Debtors will solicit and, in consultation with 227 Grand, select the highest or otherwise best offer for the sale (the "**Sale**") of the property located at 227 Grand Street, Brooklyn, New York 11211 (the "**Assets**"); (ii) scheduling an auction (the "**Auction**"), (iii) scheduling a hearing (the "**Sale Hearing**") to approve the Sale and/or a hearing ("Confirmation Hearing") to approve the adequacy of Debtors' disclosure statement and confirmation of the Debtors' proposed plan of liquidation ("Plan"), which Plan, if filed, will be implemented by the sale of the Assets; and (iv) granting related relief; and the Court having reviewed and considered the request and the orders entered in this case and upon the circumstances in this case; and upon all of the proceedings had before the Court, including the hearings on September 13, 2022 and September 19, 2022; and after due deliberation and sufficient cause appearing therefor,

**IT IS FOUND AND DETERMINED THAT:**

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, and to the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    The Court has jurisdiction to consider the requested relief, and the transaction contemplated herein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference Regarding Tile 11* (S.D.N.Y. Feb. 1. 2012)(Preska, C.J.). This matter is a core

proceeding under 28 U.S.C. § 157(b). Venue of the chapter 11 cases in this district is proper under 28 U.S.C. §§ 1408 and 1409.

C.      The Debtors' proposed Bidding Procedures and the proposed entry of this Order is, under the circumstances of this case (i) appropriate and reasonably calculated to provide all interested parties with timely and proper notice, (ii) adequate and sufficient under the circumstances of the Debtors' chapter 11 cases, such that no other or further notice is required.

D.      The Bidding Procedures in the form attached hereto as <u>Exhibit 1</u> are fair, reasonable and appropriate and are designed to maximize the value of the Assets and corresponding creditor recoveries from such sale.

E.      The Bidding Procedures were negotiated in good faith and at arm's-length among the Debtors and 227 Grand.

F.      227 Grand or another Successful Bidder acted in "good faith" (as that concept is contemplated by section 363(m) of the Bankruptcy Code) in connection with negotiating the Bidding Procedures.

G.      The Debtors have demonstrated a compelling and sound business justification for the Court to enter this Order and, thereby: (i) approve the Bidding Procedures; (ii) set the dates of the Bid Deadline, Auction, Sale Hearing and/or Confirmation Hearing and other deadlines set forth in the Bidding Procedures.  Such compelling and sound business justification, which was set forth at the hearings before this Court on September 13, 2022 and September 19, 2022, are incorporated herein by reference and, among other things, form the basis for the findings of fact and conclusions of law set forth herein.

H.      The legal and factual bases set forth in the 9019 Order, the 227 Grand Stipulation and Order and the 215 Moore Stipulation and Order and the hearings before this Court on

September 13, 2022 and September 19, 2022, establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors and their estates, creditors, interest holders and all other parties in interest.

I.      The predicates for the relief sought herein are the 9019 Order, the 227 Grand Stipulation and Order and the 215 Moore Stipulation and Order.

**IT IS HEREBY ORDERED THAT:**

1.      The request for entry of this Order approving the bidding Procedures is granted as set forth herein.

2.      The Bidding Procedures, in substantially the form attached hereto as <u>Exhibit 1</u>, are approved in their entirety, are fully incorporated into this Order as if set forth herein, and shall govern the bids and proceeding related to the Sale and the Auction. The failure to specifically include a reference to any particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

3.      <u>Bid Deadline</u>. As further described in the Bidding Procedures, the Bid Deadline shall be at **5:00 p.m. (prevailing Eastern Time) on September 19, 2022.** The Debtors shall notify Potential Bidders of their status as Qualified Bidders no later than **7:00 p.m. (prevailing Eastern Time) on September 19, 2022.**

4.      <u>Qualified Bidder.</u>  227 Grand is a Qualified Bidder.

5.      <u>Auction</u>. The Auction shall be conducted at **3:30 p.m. (prevailing Eastern Time) on September 20, 2022** at the offices of Akerman LLP, 1251 Avenue of the Americas, 37th Floor, New York, New York. The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures, including having a court reporter at the Auction.

4893-1761-3876, v. 2

6.      Service of this Order by email by the Debtors upon counsel for 227 Grand, counsel for All Year Holdings Limited ("AYHL"), counsel for the senior lender and any Qualified Bidders (or their counsel) constitutes good and sufficient notice of the Auction.

7.      Promptly after the conclusion of the Auction, if any, and the selection of the Successful Bid(s) and Backup Bid(s), the Debtors shall (i) file with the Court the *Notice of Auction Results*, which shall identify such Successful Bid(s) and Backup Bid(s), and (ii) serve the *Notice of Auction Results* by email, or by overnight mail for those Objection Notice Parties (defined below), the Successful Bidder and/or Backup Bidder for which the Debtors or their agents do not have an email address.

8.      <u>Sale Hearing and/or Confirmation Hearing.</u>  Within **(1)** day of the entry of this Order, the Debtors shall serve notice of the Sale Hearing and Confirmation (both scheduled for same date and time) to all required parties necessary to sell the Assets and/or confirm the Plan. The Sale Hearing and/or Confirmation Hearing shall be held by zoom for government by the United States Bankruptcy Court for the Southern District of New York on **October 6, 2022 at 10:00 a.m**. or such other date and time that the Court may later direct; *provided, however,* that the Sale Hearing and/or Confirmation Hearing may be adjourned, from time to time, without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's docket; *provided, however*, that no such adjournment shall impair or derogate the rights of 227 Grand (including its right to close on the Sale on or before October 14, 2022) or AYH.  The Backup Bidder shall not be heard at the Sale Hearing, except to the extent that 227 Grand is the Backup Bidder.  To the extent the Successful Bidder fails to consummate the Sale, the Backup Bidder shall consummate the Sale in accordance with this Order and the Bidding Procedures by no later than October 14, 2022, it being understood and acknowledged that  the

4893-1761-3876, v. 2

Property must be sold and distributions to the senior lender and AYHL must be paid in full by no later than October 14, 2022.

9.      Notice of the Debtors' proposed Sale of the Assets free and clear of all liens, claims, encumbrances, and interests, pursuant to section 363(f) of the Bankruptcy Code and/or under the Plan pursuant to sections 1123 and 1129 is sufficient and reasonable under the circumstances of this case.  Except as set forth in this Order, no other or further notice is required to be provided by the Debtors or any other entity with respect to the Sale hearing and/or Confirmation Hearing.

10.      <u>Sale Objections</u>. Objections to the Sale and/or confirmation of the Plan must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court by no later than **5:00 p.m. (prevailing Eastern Time) on October 4, 2022** (the  **"Objection Deadline"**), and (d) be served on (i) co-counsel to the Debtors, Akerman LLP, 1251 Avenue of the Americas, 37th Floor, New York, Attn: Mark Lichtenstein (mark.lichtenstein@akerman.com) and Backenroth Frankel & Krinsky, LLP, 800 3rd Avenue, New York, New York (mfrankel@bkflaw.com); (ii) counsel to 227 Grand, Leech Tishman Robinson Brog, PLLC, 875 Third Avenue, New York, NY 10022, Attn: Steven Eichel (seichel@leechtishman.com); iii)  counsel  to  All  Year  Holdings,  Archer  **&**  Greiner,  P.C.,  Attn:  Allen  Kadish (akadish@archerlaw.com), address:  1211 Avenue of the Americas, New York, New York 10036 and (iv) the U.S. Trustee, 201 Varick St. #1006, New York, New York 10014, Attn: Greg Zipes (collectively, the "**Objection Notice Parties**").

11.      <u>Auction Objections.</u>  Objections to the conduct of the Auction, the Successful Bidder, or the Backup Bidder must (a) be in writing, (b) state, with specificity, the legal and factual bases thereof, (c) be filed with the Court by no later than **5:00 p.m. (prevailing Eastern Time)**

4893-1761-3876, v. 2

**on September 23, 2022,** and (d) be served on (i) the Objection Notice Parties and (ii) counsel for the Successful Bidder and Backup Bidder.

12.     The Debtors shall file a form of order approving the Sale within three days after the Auction.  To the extent the Plan is confirmed, the terms of the order approving the Sale shall be incorporated into the Plan.

13.      Unless specifically provided herein, the terms of the 9019 Order, the 227 Grand Stipulation and order and the 215 Moore Stipulation and Order, and the rights of the parties thereto, remain unaffected hereby.  Neither the Sale Order nor the Plan shall abridge the parties' rights under or derogate from the 9019 Order, the 227 Grand Stipulation and Order and the 215 Moore Stipulation and Order

13.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

14.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.     To the extent any provisions of this Order are inconsistent with the Bidding Procedures, the terms of this Order shall control.

16.     Notwithstanding any Bankruptcy Rule (including, without limitation, Bankruptcy Rule 6004(h), 7062 or 9014) or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order to implement the Bidding Procedures.

4893-1761-3876, v. 2

18.    The Court shall retain exclusive jurisdiction with respect to all matters arising from

or related to the implementation, interpretation, and enforcement of this Order.

Dated:  New York, New York
         September 20, 2022

                                        _*/s/ Sean H. Lane*_
                                         United States Bankruptcy Judge

4893-1761-3876, v. 2

## <u>Exhibit 1</u>

**Bidding Procedures**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**MY 2011 Grand LLC, *et al.*,** [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-23957-shl<br>(Jointly Administered) |

## **BIDDING PROCEDURES**

Set forth below are the bidding procedures (the "Bidding Procedures") that shall govern the sale of the property located at 227 Grand Street, Brooklyn, New York 11211 (the "Property"). My 2011 Grand LLC and S&B Monsey LLC (collectively, the "Debtors") own Grand Living II, which is the sole member of Grand Living LLC, which owns the Property.

**I.**        **Assets to be Sold:** The assets to be sold consists of the Property and improvements including, without limitation, the leases with its tenants and any other assets integral to the operation of the Property.

**II.**        **Marketing Process and Due Diligence: Over the period of several months,** the Debtors, through their real estate broker, have provided information regarding the Property to potential purchasers (the "Initial Information").

**III.**        **APA :** The Successful Bidder (defined below) or Backup Bidder (defined below) will have the option whether to require the Debtors to file with the Court an executed APA (the "APA") within two (2) days after the Public Auction Sale (defined below). If no APA is entered into and filed with the Court, then the Order Approving the Public Auction Sale (defined below) must be submitted within three (3) days after the Public Auction Sale. If an APA is entered into, then the APA and Order Approving the Public Auction must be submitted within three (3) days after the public Auction Sale.

**IV.**        **Auction:** The public auction sale (the "Public Auction Sale") of the Property shall be conducted at the offices of Akerman LLP, 1251 Avenue of the Americas, 37th Floor, New York, New York, on **September 20,**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification numbers are as follows: MY 2011 Grand LLC (0415) and S&B Monsey LLC (7070).

**2022 at 3:30 p.m.**, upon the terms and conditions set forth herein. The Public Auction Sale shall be an open auction where the material terms of the bids shall be disclosed to all bidders who attend the Public Auction Sale. The Public Auction Sale shall conclude when the auctioneer has determined that that the bidding has closed after providing all bidders with a suitable opportunity to increase or further increase their bids. By participating in the Public Auction Sale, each bidder acknowledges its acceptance of the Bidding Procedures.

**V.**        **Bid Deadline**:  All bids other than 227 Grand Street Mezz Lender LLC ("227 Grand"), which is entitled to credit bid, ("Bids") must have been served upon and actually received by the Debtors' real estate broker, Akerman LLP or Backenroth Frankel and Krinsky LLP, counsel to the Debtors, on or before **September 19, 2022 at 5:00 p.m.** (the "Bid Deadline"). The Debtors' Secured Creditor, 227 Grand, shall be relieved of the obligation of serving and/or submitting a Bid by the Bid Deadline, and 227 Grand is deemed to submit the full amount of the Allowed 227 Grand Secured Claim ("227 Grand Credit Bid") as its Bid on or before the Bid Deadline, or any extension thereof.

**VI.**        **Qualified Bid Requirements:**  The Debtors will determine (in consultation with 227 Grand), and subject to the Bidding Procedures, and the requirements below, whether a Bid is a Qualified Bid and, ultimately a Successful Bid (as these terms are defined below). Any entity that desires to submit a Bid to purchase the Property may do so in writing as follows:

    (a)    to be considered by the Debtors, an offer for the purchase of the Property must be a "Qualified Competing Bid" made by a Qualified Competing Bidder, as provided herein;

    (b)    a Qualified Competing Bid shall consist of a timely and unconditional offer for the purchase of all of the Property made by a Qualified Competing Bidder clearly setting forth the purchase price to be paid in Immediately Available Funds (as defined below), and be accompanied by a 10% hard deposit as provided for herein (the "Deposit"), provided however, that 227 Grand is not required to submit the Deposit;

    (c)    a Qualified Competing Bid for the purchase of the Property must be submitted by a party which the Debtors reasonably believes to be financially able to consummate the purchase of the Property (a "Qualified Competing Bidder");

4880-3120-6708, v. 2

(d)     a Qualified Competing Bid must not be contingent upon either financing or the conduct or results of any due diligence investigation, the absence of any adverse change or approvals by any board, shareholders or other entity;

(e)     a Qualified Competing Bid must provide for a closing date within a reasonable time after the Debtors obtain this Court's approval of this sale, whether by sale approval order of confirmation order, but in no event shall the closing date be later than October 10, 2022 (Time of the Essence), except that 227 Grand shall be permitted to close no later than October 14, 2022 (Time of the Essence);

(f)     Deposits shall be made in "Immediately Available Funds" which shall be cashier's check, certified check, wire transfer or cash. 227 Grand shall not be required to post a deposit for the 227 Grand Credit Bid;

(g)     a Bid must include evidence, including financial statements or such other form of financial disclosure sufficient to establish the financial wherewithal of the interested party to complete the contemplated transactions and, to the extent the interested party will rely upon the financial wherewithal of an affiliate, bid partner, or other sponsor (each, a "Sponsor"), evidence sufficient to establish the financial wherewithal and intent of the Sponsor to provide appropriate financial support, and to the extent there is a dispute as to what information or documentation is sufficient, the parties shall have the matter determined by the Bankruptcy Court;

(h)     a Bid must disclose the identity of the bidder's organization, including confirmation that the bidder is acting as principal for the bidder's account and, if not, the basis upon which the bidder is acting and the identities of all other participants (if any), and each of their pre-petition and post-petition relationships with other bidders, the Debtors' major creditors and equity security holders of any of the foregoing (if any);

(i)     a Bid must disclose any agreements or

3

4880-3120-6708, v. 2

understandings between the bidder and any third party with respect to the Property or with respect to any possible transaction involving the Debtors;

(j)    if a Qualified Competing Bidder (except for 227 Grand) becomes either the    Successful Bidder (as defined below) or the Backup Bidder (as defined below), their respective Deposits shall be increased to an amount equal to 10% of the successful purchase price for the Successful Bidder and 10% of the second best purchase price for the Backup Bidder (the "New Deposit") and the increase in amount between the Deposit and New Deposit must be deposited with Immediately Available Funds with the Debtors' counsel within 24 hours after the conclusion of the Public Auction Sale, and this New Deposit shall be deemed to be non-refundable and shall be forfeited if such purchaser fails to close in breach of its obligations;

Notwithstanding anything to the contrary provided for in these Bidding Procedures, 227 Grand is deemed to be a "Qualified Bidder," "Qualified Competing Bidder," and the 227 Grand Credit Bid is deemed to be a "Qualified Bid" and a "Qualified Competing Bid," and could ultimately qualify as a Successful Bid and become the Successful Bidder as provided for in these Bidding Procedures.

Notwithstanding anything to the contrary, the Successful Bidder's bid and the Backup Bidders bid must remain irrevocable.

Notwithstanding anything to the contrary, the Debtors also reserve the right to reject any and all Bids, except that the Debtors shall not have the right to reject the 227 Grand Credit Bid.

**VII.    <u>Evaluation of Qualified Bids:</u>** The sufficiency of any submitted Bid will be at the discretion of the Debtors, except that the Debtors do not have the discretion to determine the sufficiency of the 227 Grand Credit Bid. The Debtors shall as promptly as practicable, notify potential bidders who have (a) timely submitted the information and documentation listed above and (b) who have financial qualifications satisfactory to the Debtors, that they have been selected as a qualified bidder (each a "Qualified Bidder") and that their Bid is a "Qualified Bid."

4

**VIII.       The Auction**:  The Public Auction Sale shall be conducted as set forth in Section IV, and the Property shall be sold free and clear of all liens, claims and encumbrances to the fullest extent allowed under sections 363(f), 365 and/or 1123 and 1129 of the Bankruptcy Code; <u>provided</u> that all liens and claims shall attach to the proceeds of sale of the Property with the same validity, force and effect and subject to the same defenses as existed immediately before the sale.

Only Qualified Bidders may bid at the Public Auction Sale.  If multiple Qualified Bids are received, any Qualified Bidder (or its duly authorized representative) shall have the right to continue to improve its Qualified Bid at the Public Auction Sale.

At the conclusion of the Public Auction Sale, and subject to Court approval, following the Public Auction Sale, the successful Bid or Bids shall be selected and announced by the Debtors (the "Successful Bid or Bids"), and the backup Bid or Bids shall be selected and announced by the Debtors (the "Backup Bid or Bids").

Within one business day after the entry of the Order Approving the Public Auction Sale, the entity or entities that made the Successful Bid or Bids (the "Successful Bidder") and the entity or entities that made the Backup Bid or Bids shall complete and sign all agreements, contracts, instruments, and other documents evidencing and containing the terms and conditions upon which such Successful Bid or Bids and Backup Bid or Bids were made.  This deadline may be extended by agreement between the Debtors and the Successful Bidder only with the express  written consent of 227 Grand.

The Public Auction Sale may not be adjourned without the express written approval of 227 Grand.  Reasonable notice of such adjournment and the time and place for the resumption of the Public Auction Sale or cancellation shall be given to all participants.

**IX.       Selection of Successful Bid or Bids:**  If the Successful Bidder other than 227 Grand, is unable to consummate the sale by October 10, 2022 (Time of the Essence), the Debtors shall consummate the proposed sale with the next highest or best bidder at the Public Auction Sale (the "Backup Bidder") without the need for further Court approval.

**X.       Backup Bids:**  If the Successful Bidder, other than 227 Grand, fails to consummate the sale by October 10, 2022 (Time of the Essence),

5

breaches the APA, or otherwise fails to perform or comply with the Order approving the Public Auction Sale, the Debtors shall consummate the proposed sale with the Backup Bidder, which hereafter shall be included in the definition of "Successful Bidder," without the need for further Court approval. For the sake of clarity, if there is no other Successful Bidder that closes by October 10, 2022, the Debtor shall sell to 227 Grand and 227 Grand shall purchase and effectuate the Sale no later than October 14, 2022.

**XI.**     **Sale Confirmation:**  All determinations of the Successful Bid or Bids and the Backup Bid or Bids shall be subject to and conditioned upon subsequent court approval.  After the Public Auction Sale and the selection of the Successful Bidder, an order will be submitted to the Bankruptcy Court to approve the results of the Auction within three days of the Public Auction Sale.

**XII.**     **"As Is, Where Is":**  The proposed transfer of the Property will be on an "as is, where is" basis and without representations or warranties of any kind, nature, or description by the Debtors, its agents, or estate, except to the extent set forth in the applicable APA of each Successful Bidder as accepted by the Debtors and approved by the Court.  Except as otherwise provided in an APA, all right, title and interest in the Property of the Debtors and Debtors' subsidiaries will be transferred free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests in accordance with sections 363(f), 365 and/or 1123 and 1129 of the Bankruptcy Code.  Any other claim, lien or encumbrance, as set forth in the APA, will attach to the net proceeds of the sale with the same validity, force and effect and subject to the same defenses as existed immediately before the sale.

**XIII.**     **Return of Deposits:**  If a Backup Bidder does not become the Successful Bidder, its Deposit shall be returned to it no later than five (5) business days after the Debtors' closing of the sale.  Debtors shall also be entitled to retain the Deposit from any other Bidders other than the Successful Bidder or the Backup Bidder, but only upon the express consent of such other Bidder and the Debtors shall be required to return such Deposit no later than five (5) business days after the Debtors' closing of the sale.  The Debtors shall be required to return the Deposit to any Bidder, who is not the Successful Bidder or a Backup Bidder, who does not agree to the retention of its Deposit no later than 48 hours after the conclusion of the Public Auction Sale.

**XIV.**     **Revoked Bids:**  At the Debtor's reasonable discretion, it may treat as waived and revoked any Qualified Competing Bid made by any

4880-3120-6708, v. 2

Qualified Competing Bidder (other than 227 Grand) who does not attend the Public Auction Sale, except that the Debtors shall not treat the 227 Grand Credit Bid as waived or revoked on the basis of lack of attendance at the Public Auction Sale.

XV.        **Actual Auction:**   If one or more Qualified Competing Bids have been timely submitted, the Debtors shall conduct the Public Auction Sale among any Qualified Competing Bidder that has submitted a Qualified Competing Bid or Bids.

XVI.        **Minimum Bid:**   The minimum opening bid at the Public Auction Sale shall not be less than **$41,504,872** under a confirmed Plan (defined below)**,** which is the 227 Grand Credit Bid, and any subsequent bid shall comply with the Bid Increments set forth in Paragraph XVII below. To the extent the Public Auction Sale of the Property is not under a plan of reorganization or liquidation (each a "Plan"), 227 Grand (or the Successful Bidder) shall pay transfer taxes in connection with the sale of the Property. Moreover, to the extent the Debtors file a Plan which is confirmed and the order confirming the Plan provides that 227 Grand is exempt from paying any transfer tax and mortgage recording tax under section 1146 of the Bankruptcy Code, then the Debtors' attorneys and the broker B6 Real Estate Advisors ("B6") shall be entitled to file applications for compensation and reimbursement of expenses (collectively, "Fee Applications") and all parties in interest, including 227 Grand, shall have the right to file objections to such Fee Applications. The total amount of fees awarded to the Debtors' professionals and B6 on account of court approved Fee Applications may not exceed the amount of transfer taxes saved by 227 Grand under the Plan.  Payment on account of allowed Fee Applications shall only be made after the order approving any such Fee Application becomes a final order.

XVII.        **Bid Increments:**   Subsequent bids, to be made on the record at the Public Auction Sale shall be in minimum increments of **$25,000.00.**

XVIII.        **Close of Bidding:**   At such time as it appears to the Debtors, in the exercise of their reasonable discretion, that none of the Qualified Competing Bidders present at the Public Auction Sale are prepared to advance the bidding, the Debtors shall (after giving fair warning, on the record, to those entities present) close the bidding on the record and the entity which immediately prior to the close of the bidding shall have submitted the highest and best offer for the purchase of the Property shall be declared the Successful Bidder, subject to Bankruptcy Court Approval, and subject to entry by the Bankruptcy Court of a sale approval order or confirmation order approving

4880-3120-6708, v. 2

such sale. Notwithstanding the above, to the extent 227 Grand credit bids the minimum bid, it is a Qualified Competing Bidder and the provisions in this Section XVIII do not apply to it.

XIX.        **Successful Bidder:**  The Successful Bidder shall be bound by all of the terms of the agreed upon APA (as such terms, including those with respect to the purchase price, shall have been modified by the terms of such purchaser's winning bid) and/or Bankruptcy Court Order and upon closing of such sale be granted the protections of Sections 363(m) and (n) of the Bankruptcy Code.  To the extent there is a dispute, the Bankruptcy Court shall determine such dispute.

XX.        **Damages for Failure to Close:**  If the Successful Bidder (other than 227 Grand) fails to close on or before October 10, 2022, Time of the Essence, then the Successful Bidder is in default, and (a) the Debtors will retain the Deposit of such bidder (which will first be used to pay any remaining unpaid claims and the balance, if any, shall be retained by the Debtors),  (b) the Debtors will maintain the right to pursue all available remedies against such bidder, and (c) the Backup Bidder will be the new Successful Bidder.  If the Deposit is forfeited, such forfeiture shall not be deemed a liquidated damage provision and shall be deemed a measure of the Debtors' actual damage.

XXI.        **Court Retains Jurisdiction Over Disputes.**  To the extent the parties have a dispute regarding the Public Auction Sale, the APA, or Order Approving the Public Auction Sale or any related issues, the parties will seek Court intervention so the sale will close on or before October 10, 2022.

XXII.        **Disbursing Agent for 227 Grand**.  Leech Tishman Robinson Brog, PLLC shall be the disbursing agent for 227 Grand and all payments made in connection with the Public Auction Sale on behalf of 227 Grand will be made through Leech Tishman Robinson Brog, PLLC's escrow account.

**Dated:**  September 20, 2022

**Backenroth Frankel and Krinsky LLP**          **Archer & Greiner, P.C.**

_____          _____
**Mark Frankel**                                **Allen Kadish**
Counsel for Debtors                              Counsel for All Year Holdings

8

**Ackerman LLP**

**Leech Tishman Robinson Brog, PLLC**

_____

_____

**Mark Lichtenstein**
Counsel for Debtors

**Steven B. Eichel**
Counsel for 227 Grand Street Mezz
Lender LLC