Mark Frankel
Backenroth Frankel & Krinsky, LLP
800 Third Avenue, Floor 11
New York, New York  10022
(212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

In re                                                                   Chapter 11

    MY 2011 GRAND LLC, *et al*,[1]          Case No.  19-23957 (~~RDD) (RG~~SHL)

                                       Jointly Administered

                        Debtors.
-----------------------------------------------------------x

## ~~FIFTH~~SIXTH AMENDED JOINT PLAN OF REORGANIZATION

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: MY 2011 Grand LLC (0415) and S&B Monsey LLC (7070)

**INTRODUCTION**

MY 2011 GRAND LLC and S&B MONSEY LLC, (each a "Debtor", and collectively, the "Debtors") submit this joint plan of reorganization ("Plan") under Chapter 11 of the United States Bankruptcy Code.  UPON CONFIRMATION, THIS PLAN SHALL BE A BINDING OBLIGATION BETWEEN AND AMONG EACH DEBTOR AND EACH DEBTORS' CREDITORS (AS SUCH TERMS ARE DEFINED BELOW).

**DEFINITIONS**

1.    As used in this Plan, the following terms will have the meanings hereinafter set forth:

2.    "227 Grand Street Mezz Lender" means 227 Grand Street Mezz Lender LLC.

3.    2. "Administrative Expense" shall mean any cost or expense of administration of the Bankruptcy Case entitled to priority under section 507(a)(1) and allowed under section 503(b) of the Bankruptcy Code, and any fees or charges assessed against a Debtor's Estate under Chapter 123, Title 28, United States Code.

4.    3. "Administrative Expense Claim" shall mean a Claim for payment of an Administrative Expense.

5.    4. "Allowance Date" shall mean the date which a Disputed Claim becomes an Allowed Claim by Final Order.

6.    5. "Allowed Amount" shall mean the amount of an "Allowed Claim."

2

7.    6. "Allowed Claim" shall mean a Claim: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court late filed as to which (i) no party in interest files an objection or (ii) which is allowed by a Final Order; or (b) which is listed on a Debtor's schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or contingent.

8.    7. "Allowed Secured Claim" shall mean a Secured Claim to the extent it is an Allowed Claim.

9.    8. "Allowed Unsecured Claim" shall mean an Unsecured Claim to the extent it is an Allowed Claim.

10.    9. "AYHL" shall mean All Year Holdings Limited.

11.    10. "AYHL Settlement" shall mean that certain agreement approved by the Bankruptcy Court by order dated October 25, 2021 (docket no. 136).

12.    11. "AYM" shall mean All Year Management.

13.    12. "Assets" shall mean any and all of the respective real or personal property of any nature of the Debtors, including, without limitation, any real estate, buildings, structures, improvements, privileges, rights, easements, leases, subleases, licenses, goods, materials, supplies, furniture, fixtures, equipment, work in process, accounts, chattel paper, Cash, deposit accounts, reserves, deposits, contractual rights, intellectual property rights, claims, Causes of Action and any other general intangibles of the Debtors, of any nature whatsoever, including, without limitation, the property of the Debtors' estates pursuant to section 541 of the Bankruptcy Code.

60538680;1
4887-5091-2822, v. 3

14.    13. "Avoidance Actions" shall mean all claims and causes of action which a Debtor has or had the power to assert pursuant to any or all of sections 510, 544, 545, 547, 548, 549, 550, 551, and 553 of the Bankruptcy Code.

15.    14. "Bankruptcy Case" shall mean this Chapter 11 bankruptcy case.

16.    15. "Bankruptcy Code" shall mean Title 11 of the United States Code (11. U.S.C. § 101 et. seq.).

17.    16. "Bankruptcy Court" shall mean the Court as defined below.

18.    17. "Bar Date" shall mean August 24, 2020.

19.    "Bidding Procedures Order" means the Order (A) Approving Bidding Procedures for Sale of Property Located at 227 Grand Street, Brooklyn, New York 11211, (B) Scheduling Auction For, and Hearing to Approve, Sale of Property Located at 227 Grand Street, Brooklyn, New York 11211, And/Or Hearing on Approval of Debtors' Disclosure Statement and Confirmation of Debtors' Plan, and (D) Granting Related Relied, dated September 20, 2022.

20.    18. "Cash" shall mean all cash and cash equivalents which evidence immediately available funds in United States dollars.

21.    19. "Causes of Action" shall mean any and all claims and causes of action of, and remedies granted to, a Debtor against any third party, including, without limitation, any Avoidance Actions or causes of action pursuant to sections 502, 506, 510, 541 through 545, 547 through 551, and/or 553 of the Bankruptcy Code and any claims pursuant to any other statutory or common law.

60538680;1
4887-5091-2822, v. 3

22. 20. "Claim" shall mean a right to payment as set forth in § 101(5) of the

Bankruptcy Code.

23. 21. "Claimant" shall mean the holder of a Claim.

24. 22. "Confirmation Date" shall mean the date of the entry of the

Confirmation Order.

25. 23. "Confirmation Hearing" shall mean the hearing pursuant to the

Bankruptcy Code Section 1128 before the Bankruptcy Court regarding the proposed confirmation

of the Plan.

26. 24. "Confirmation Order" shall mean the order of the Court confirming the

Plan.

27. 25. "Court" shall mean the United States Bankruptcy Court for the

SOUTHERN District of New York.

28. 26. "Creditor" shall mean any entity that holds a Claim against a Debtor.

29. 27. "Creditors Committee" shall mean a committee of creditors appointed

by the United States Trustee in these cases under section 1102 of the Bankruptcy Code.

30. 28. "Debtors" shall mean MY 2011 GRAND LLC and S&B MONSEY

LLC.

31. "Disbursing Agent" shall mean Leech Tishman Robinson Brog, PLLC,

counsel to 227 Grand Street Mezz Lender LLC for payment of all claims, except (i) senior lender

5

MRFS IV LLC and (ii) AYHL, which claims shall be paid by 227 Grand Street Mezz Lender or its designee at the closing of the sale of the Property.

32. ~~29.~~ "Disputed Claim" shall mean the whole or any portion of any Claim against a Debtor to which an objection is timely filed or may be timely filed as to which a Final Order has not been entered allowing or disallowing such Claim or any portion thereof.

33. ~~30.~~ "Disputed Claim Reserve" shall mean Cash to be set aside by the Disbursing Agent on the Effective Date in an escrow account maintained by the Disbursing Agent, in an amount equal to the amount that would have been distributed to the holders of Disputed Claims had such Claims been deemed Allowed Claims on the Effective Date, or in such other amount as may be approved by the Bankruptcy Court.

34. ~~31.~~ "Effective Date" shall mean the date ~~fifteen (15) days after the Confirmation Order is a Final Order~~ of the closing of the sale of the Property, or such other date as may be practicable, provided that absent Bankruptcy Court approval, such date shall be no later than ~~sixty days after the Confirmation Order is a Final Order~~ October 14, 2022.

35. ~~32.~~ "Estate" shall mean the estate of each Debtor created upon the commencement of the Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

36. ~~33.~~ "Executory Contracts" shall mean "executory contracts" and "unexpired leases" as such terms are used within Section 365 of the Bankruptcy Code.

60538680;1
4887-5091-2822, v. 3

37.    34. "Final Order" shall mean an order of a court that has not been reversed,

modified, amended or stayed, and as to which the time to appeal or to seek review or certiorari

thereof has expired, and as to which no appeal, review or rehearing is pending.

38.    35. "Impaired" shall mean not Unimpaired.

39.    36. "Interest" shall mean an existing ownership interest in a Debtor.

40.    37. "Interest Holder" shall mean a holder and owner of an existing Interest

in a Debtor.

41.    38. "Goldman" shall mean Yoel Goldman.

42.    39. "Goldman Claims" shall mean the Proofs of Claim filed by Yoel

Goldman and All Year Management on August 21, 2020 against each of the Debtors, which have

since been expunged.

43.    40. "Legal Rate" shall mean the applicable interest rate as set forth in 28

U.S.C. §1961 as of the Petition Date.

44.    41. "Lien" shall mean a charge against or interest in property to secure

payment of a debt or performance of an obligation.

45.    42. "Membership Interests" shall mean the Debtors' membership interests

in Grand Living LLC II.

43.    "Mezz Lender" shall mean 227 Grand Street Mezz Lender LLC.

60538680;1
4887-5091-2822, v. 3

46.    44. "Mezz Loan" shall mean those certain joint and several loans made to Debtors by the 227 Grand Street Mezz Lender secured by their respective Membership Interests.

47.    45. "Moore Mezz Lender" shall mean 215 Moore Street Mezzanine Lender."

48.    46. "Moore Mezzanine Loan" shall mean that certain mezzanine loan allegedly made jointly and severally to Monsey and Moore Development LLC on November 18, 2016.

49.    47. "Monsey" shall mean S&B Monsey LLC.

50.    48. "MY 2011" shall mean MY 2011 Grand LLC.

51.    49. "Petition Date" shall mean November 6, 2019.

52.    50. "Plan" shall mean this Plan of Reorganization, and any and all modifications and/or amendments hereto.

53.    51. "Property" shall mean the real property at 227 Grand Street, Brooklyn, New York 11211 owned by Grand Living LLC.

54.    52. "Property Mortgage' shall mean the $16,350,000first mortgage on the Property.

55.    53. "Professional(s)" shall mean any entity or person employed pursuant to an order of the Bankruptcy Court in accordance with sections 327, 328, or 1103 of the Bankruptcy Code and to be compensated for services rendered pursuant to sections 327, 328, 329, 330 and/or 331 of the Bankruptcy Code.

60538680;1
4887-5091-2822, v. 3

56.    54. "Priority Claims" shall mean Claims under Sections

507(a)(3),(4),(5),(6),  (7) and (8) of the Bankruptcy Code.

57.    55. "Professional Fee Claim" shall mean those fees and expenses claimed

by a Professional pursuant to sections 330, 331 and/or 503 of the Bankruptcy Code.

58.    56. "Professional Fee Claim Bar Date" shall mean the last day for a

Professional to file a Professional Fee Claim, which shall be no later than thirty (6030) days after

the Effective Date.

59.    57. "Reorganized Debtors" shall mean the Debtors on and after the

Effective Date.

60.    58. "Secured Claim" shall mean a Claim secured by a Lien on property

included within a Debtor's Estate.

61.    59. "Secured Creditor" shall mean the owner or holder of a Secured Claim.

62.    60. "Unclassified Priority Claims" shall mean tax Claims under Sections

507(a)(8) of the Bankruptcy Code.

63.    61. "Unimpaired" shall mean not impaired under section 1124 of the

Bankruptcy Code.

64.    62. "Unsecured Claim" shall mean a claim for which the Claimant does not

hold (a) a valid, perfected and enforceable Lien, security interest or other interest in or

encumbrance against a Debtor or a Debtor's Estate; or (b) a right to setoff to secure the payment of

such Claim.  An Unsecured Claim includes, but is not limited to, a Claim for damages resulting

9

from rejection of any Executory Contract pursuant to Section 365 of the Bankruptcy Code and

does not include administrative of priority claims.

65.     63.  "Unsecured Creditor" shall mean the owner or holder of an Unsecured

Claim.

## CLASSIFICATION AND TREATMENT OF CLAIMS

## MY 2011 Class 1

66.     64.  **Classification** – 227 Grand Street Mezz Lender LLC holds the Mezz

Loan, consisting of a note and security interest in the Membership Interests.  As of March

31September 15, 2022, 227 Grand Street Mezz Lender LLC asserts that $15,076,200 is dueis owed

$16,235,922 from MY 2011 and Monsey, jointly and severally.  This amount includes default rate

interest at 24% per annum, together with late fees and legal fees.  Pursuant to the agreement with

the estate of Abraham Schwarzman a copy of which is annexed to the Plan as Exhibit A, 20.8% of

the Claim has been waived for Plan purposes.

67.     65.  **Treatment** – The 227 Grand Mezz Lender LLC proposed stipulation, a

copy of which is annexed to the Plan as Exhibit B, is incorporated by reference in this paragraph.

Among other things, on or before July 15Claim shall be deemed satisfied by transfer to the

Property to it or its designee under the Plan pursuant to the credit bid made by 227 Grand Street

Mezz Lender LLC at an auction held at the offices of Akerman LLP on September 20, 2022, and

such bid was the Debtors shall paysuccessful bid and 227 Grand Street Mezz Lender LLC

$10,800,000, subject to the Debtors' agreement with the estate of Abraham Schwarzman to waive

payment of 20.8% of the Class 1 Claimwas the successful bidder at the auction.

10

68.    66. **Voting** – Impaired and entitled to vote to accept or reject the Plan.

**MY 2011 Class 2**

69.    67. **Classification** –  Priority Claims under Sections

507(a)(2),(3),(4),(5),(6),(7) and (8) of the Bankruptcy Code.  The Debtors estimate no Class 2

Claims.

70.    68. **Treatment** – Payment in full in Cash of Allowed Amount on the

Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date

through the date of payment.

71.    69. **Voting --** Unimpaired and deemed to have accepted the Plan.

**MY 2011 Class 3**

72.    70. **Classification** – General Unsecured Claims.    Allowed General

Unsecured Claims are projected to total $38,000 38,050.

73.    71. **Treatment** – Payment in full in Cash of Allowed Amount on the

Effective Date, plus interest at the applicable Legal Rate as it accrues from the Petition Date

through the date of payment.

74.    72. **Voting** – Unimpaired and deemed to have accepted the Plan.

**MY 2011 Class 4**

75.    73. **Classification** – Interests Holders.

11

76. 74. **Treatment** – To the extent necessary, Interest Holders shall be obligated to pay or escrow for Administrative Claims and statutory fees due to the Office of the United States Trustee on or before the Effective Date.  Interest Holders receive no distribution under the Plan except that they shall be entitled maintain ownership of their Interests under the Plan.

77. 75. **Voting** – Impaired Unimpaired and entitled deemed to vote to accept or reject have accepted the Plan.

**Monsey Class 1**

78. 76. **Classification** – 227 Grand Street Mezz Lender LLC holds the Mezz Loan, consisting of a note and security interest in the Membership Interests.  As of March 31 September 15, 2022, 227 Grand Street Mezz Lender LLC asserts that $15,076,200 is due is owed $16,235,922 from MY 2011 and Monsey, jointly and severally.  This amount includes default rate interest at 24% per annum, together with late fees and legal fees.  Pursuant to the agreement with the estate of Abraham Schwarzman a copy of which is annexed to the Plan as Exhibit A, 20.8% of the Claim has been waived for Plan purposes.

77.

79. **Treatment** – The 227 Grand Street Mezz Lender LLC proposed stipulation, a copy of which is annexed to the Plan as Exhibit B, is incorporated by reference in this paragraph.  Among other things, on or before July 15 Claim shall be deemed satisfied by transfer to the Property to it or its designee under the Plan pursuant to the credit bid made by 227 Grand Street Mezz Lender at an auction held at the offices of Akerman LLP on September 20, 2022, and such

12

bid was the ~~Debtors shall pay~~successful bid and 227 Grand Street Mezz Lender ~~LLC $10,800,000, subject to the Debtors' agreement with the estate of Abraham Schwarzman to waive payment of 20.8% of the Class 1 Claim~~was the successful bidder at the auction.

80. ~~78.~~ **Voting** – Impaired and entitled to vote to accept or reject the Plan.

**Monsey Class 2**

81. ~~79.~~ **Classification** – 215 Moore Street Mezzanine Lender LLC ~~asserts~~holds a note claim and ~~subordinate~~ security interest in the Moore membership interests previously owned by Monsey.  As of December 23, 2021, ~~the Claimant asserts that~~ $26,337,212.43 is due from Monsey.

82. ~~80.~~ **Treatment** -- The 215 Moore Street Mezzanine Lender LLC ~~proposed stipulation, a copy of which is annexed to the Plan as Exhibit C, is incorporated by reference in this paragraph.  Among other things, on or before July 15, 2022, the Debtors shall pay 215 Moore Street Mezzanine Lender LLC $750,000~~shall be paid $100,000 on account of its Monsey Class 2 Claim.

83. ~~81.~~ **Voting** – Impaired and entitled to vote to accept or reject the Plan.

**Monsey Class 3**

84. ~~82.~~ **Classification** –  Priority Claims under Sections 507(a)(2),(3),(4),(5),(6),(7) and (8) of the Bankruptcy Code..  The Debtors estimate no Class 2 Claims.

13

85.    83.  **Treatment** – Payment in full in Cash of Allowed Amount on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment.

86.    84.  **Voting** -- Unimpaired and deemed to have accepted the Plan.

### Monsey Class 4

87.    85.  **Classification** – General Unsecured Claims Allowed General Unsecured Claims are projected to total $122,000172,675.

88.    86.  **Treatment** – Payment in full in Cash of Allowed Amount on the Effective Date, plus interest at the applicable Legal Rate as it accrues from the Petition Date through the date of payment.

89.    87.  **Voting** – Unimpaired and deemed to have accepted the Plan

### Monsey Class 5

90.    88.  **Classification** – Interests Holders.

91.    89.  **Treatment** – To the extent necessary, Interest Holders shall be obligated to pay or escrow for Administrative Claims and statutory fees due to the Office of the United States Trustee on or before the Effective Date.  Interest Holders receive no distribution under the Plan except that they shall be entitled maintain ownership of their Interests under the Plan.

92.    90.  **Voting** – ImpairedUnimpaired and entitleddeemed to vote to accept or rejecthave accepted the Plan.

14

60538680;1
4887-5091-2822, v. 3

## UNCLASSIFIED PRIORITY TAX CLAIMS

93. 91. Priority tax Claims under Sections 507(a)(8) of the Bankruptcy Code.

Filed and Scheduled Claims total approximately $0.  The treatment of such Claims, if any, shall be

payment in Cash on the Effective Date, of Allowed Amount of each such Claim plus interest at the

applicable statutory rate as it accrues from the Petition Date through the date of payment.

## ADMINISTRATIVE EXPENSES

94. 92. Allowed Administrative Expenses shall be paid in full, in cash on the

Effective Date, or the date such Administrative Expense becomes Allowed or as soon as

practicable thereafter, except to the extent that the holder of an Allowed Administrative Expense

agrees to a different treatment; provided, however, that Allowed Administrative Expenses

representing obligations incurred in the ordinary course of business or assumed by the Debtors

shall be paid in full or performed by the Debtors in the ordinary course of business or pursuant to

the terms and conditions of the particular transaction.

95. 93. Unless otherwise ordered by the Bankruptcy Court, requests for

payment of Administrative Claims (except for Professional Fee Claims) must be filed and served

no later than 35 days after entry of the Confirmation Order (the "Administrative Claims Bar

Date"). Any Person that is required to file and serve a request for payment of an Administrative

Claim and fails to timely file and serve such request shall be forever barred, estopped, and enjoined

from asserting such Claim or participating in distributions under the Plan on account thereof.

Objections to requests for payment of Administrative Claims (except for Professional Fee Claims

and Administrative Claims incurred in the ordinary course of the Debtors' business) must be filed

and served on counsel for the Debtors and 227 Grand Street Mezz Lender and the party requesting

payment of an Administrative Claim within thirty (30) days of the date such request for payment

has been filed.

96.    94. Unless otherwise ordered by the Bankruptcy Court, and subject to

notice and a hearing under section 330 of the Bankruptcy Code, requests for payment of

Professional Fee Claims incurred through the Confirmation Date must be filed and served no later

than sixtythirty (6030) days after the Effective Date (the "Professional Fee Claims Bar Date").

The Debtors estimate legal fees of approximately $550,000700,000 through the Confirmation

Date, inclusive of any interim fees that may be awarded before that date.

97.    95. Administrative Claims will be larger in a Chapter 7 case than under the

Plan because there will be additional expenses for Chapter 7 trustee commissions estimated at 2%

of assets, Chapter 7 legal fees estimated at 3% of assets, brokerage commissions on a sale of assets

estimated at 3%, transfer taxes on a sale of assets estimated at 3% and accruing interest on secured

claims in an unliquidated amount to the extent of remaining equity, if any.  In addition, in a

liquidation, the estate will not have the benefit of a 20.8% reduction in the Mezz Lender Claim, nor

the benefit of the increase in estate assets upon the acquisition of the AYHL interests.

Additionally, if the cases are converted to Chapter 7, the senior lender holding a mortgage on the

real property has indicated that it will no longer agree to the payoff amounts contained in the

stipulation which will result in approximately $6 million of default rate interest.  This will result in

the inability to pay any amounts to unsecured creditors and will materially reduce the payment to

227 Grand Street Mezz Lender.

16

### STATUTORY FEES

98.   96. The Debtors shall pay from Cash in the Estate all fees payable due as of the Effective Date pursuant to section 1930 of title 28 of the United Sates Code.  Thereafter, the Debtors shall pay from Cash in the Estate all United States Trustee quarterly fees under 28 U.S.C. § 1930(a)(6), plus interest due under 31 U.S.C. § 3717, on all disbursements, including plan payments and disbursements in and outside of the ordinary course of business, until the earliest of the entry of a final decree closing the Chapter 11 Case, dismissal of the Chapter 11 Case, or conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

### MEANS FOR IMPLEMENTATION

97.   The Plan shall be funded from the proceeds of the SME financing pursuant to the term sheet annexed to the Plan as exhibit D and the sources and uses pro forma annexed to the Plan as Exhibit E.  Administrative Claims, Priority Claims, if any, and statutory fees to the Office of the United States due on the Effective Date shall be paid either from the proceeds of refinancing and funds to be contributed by the Interest Holders if necessary.

99.   The Debtors shall cause the sale of the Property to 227 Grand Street Mezz Lender or its designee on or before October 14, 2022.  On the Effective Date, contemporaneous with the transfer of the Property, the Disbursing Agent or 227 Grand Street Mezz Lender (or its designee), as applicable, shall (a) cause payments to be made by wire transfer to (i) MRFS IV LLC in accordance with its payoff letter, (ii) All Year Holdings Limited in accordance with the AYHL Settlement Order, and (iii) Leech Tishman Robinson Brog PLLC and Robinson Brog Leinwand Greene Genovese & Gluck P.C., respectively, counsel and substitute counsel to 227 Grand Street

17

Mezz Lender in accordance with the invoices delivered to the Disbursing Agent on the Effective Date such that the entire amount of attorneys' fees and expenses due and owing to them as of the Effective Date are paid in full, and (b) deposit in Disbursing Agent's IOLA account sufficient funds to pay all Creditor Claims provided for in the Plan and projected United States Trustee fees for at least one year.

100.   98. The AYHL Settlement is incorporated herein by reference, as modified by the proposed Mezz Lender agreement annexed to the Plan as Exhibit B. Stipulation and Order Resolving the Proofs of Claim Filed by 227 Grand Street Mezz Lender LLC, dated June 30, 2022 [Dkt. No. 213], and the Stipulation and order Resolving Proof of Claim Filed by 215 Moore Street Mezzanine Lender LLC, dated June 30, 2022 [Dkt No. 214] and the Bidding Procedures Order. The AYHL Settlement Order mandates certain relief that supports confirmation of this Plan, and also mandates certain relief in the event that confirmation of this Plan is denied or, if confirmed, the Plan fails to become effective.  The AYHL Settlement is included as a mandatory provision of this Plan and the Plan may not be deemed effective unless the terms thereof, including the following provisions, are met:[2]

> a. GL II shall cause GL to pay, and GL shall pay, four million seven hundred thousand dollars ($4,700,000.00) to AYHL (the "Payment"). The Payment shall be made by wire transfer to AYHL on and as a disbursement to be made among the Effective Date transactions, with TIME BEING OF THE ESSENCE.
>
> b. Upon receipt of the Payment, AYHL (including, but not limited to any of, its wholly owned subsidiaries) shall not have any

---

[2] Capitalized, undefined, terms are as set forth, if not in this paragraph, in the AYHL Settlement Agreement.

60538680;1
4887-5091-2822, v. 3

interest in GL, GL II or the Property and shall be entitled to no further consideration for its former membership interests in GL II, which shall be deemed surrendered or cancelled.

c.  The Payment shall be made on the Effective Date. So long as the Payment has not occurred, Additional P&I (as defined below) shall begin to accrue from the earliest of (a) the date of the Bankruptcy Court order denying confirmation (the "Confirmation Denial Date"), and (b) December 31, 2021. "Additional P&I" shall mean interest to accrue on the Payment at 12% per annum and the principal amount thereof shall increase by $10,000 per month. The maximum amount of Additional P&I shall be capped at $1,300,000.

d.  So long as AYHL has not yet received the Payment, six (6) months after the earliest of (a) the Confirmation Denial Date, (b) the date of entry of an order confirming the Plan (the "Confirmation Order"), and (c) October 31, 2021 (the earliest, the "Trigger Date"):

   i.   AYHL shall be entitled to the release from escrow of, pursuant to a mutually agreeable escrow agreement (the "Escrow Agreement"), and to record with the Kings County Clerk a junior mortgage (and, inter alia, note) acceptable in form and substance to AYHL upon the Property (the "AYHL Mortgage") (both of which shall be prepared prior to the confirmation hearing date), and

   ii.  The Parties, working jointly and in good faith, shall market the Property for sale through a third-party broker in an arms-length transaction which will achieve the highest fair market value, provided, however, that such sale process shall be consummated within six (6) months from the start of the marketing process; notwithstanding the foregoing, AYHL may exercise any and all rights under the AYHL Mortgage.

e.  The AYHL Mortgage shall secure the Payment and shall be subordinate to existing liens with respect to payment priority.[3] The other Parties to the Settlement Agreement covenant to AYHL to ensure that the Property will not voluntarily be encumbered with liens other than those in existence as of the

---

[3] In the event of dismissal of these cases the AYHL Settlement Order shall remain in effect.

60538680;1
4887-5091-2822, v. 3

date hereof, or as contemplated and effectuated as of the Effective Date. No encumbrance shall be made on the Property from the date of the Settlement Agreement without the Payment having been made, it being understood that the Effective Date transactions include simultaneous new funding and disbursement to AYHL as provided herein, and disbursements to creditors as identified in the Plan.

f.  The AYHL Mortgage and the transactions in favor of AYHL described in the Settlement Agreement and directed herein (including the sale of the Property pursuant to paragraph subparagraph (b) above, if it occurs) shall qualify for the exemption protections of Section 1146 of the Bankruptcy Code, as set forth below.

In accordance with the AYHL Settlement Order (including as repeated in relevant part at subparagraph (c) above), since December 31, 2021, interest on the amount of the Payment (as defined in the AYHL Settlement Order) has accrued and will continue to accrue at 12% per annum and the principal amount of the Payment has increased and will continue to increase by $10,000 per month.  The chart attached to ~~this~~the Disclosure Statement as Exhibit B reflects the Payment, including interest and increased principal, as will be due to AYHL on the Effective Date.  In addition, in accordance with the AYHL Settlement Order (including as repeated in relevant part at subparagraphs (d) and (e) above), and to the extent the "Trigger Date" occurs, AYHL maintains its rights, and has authority, to invoke the remedies set forth above.

~~99.    Based on the equity in the Property at this time, the Debtors believe that when the SME loans mature, the obligation may be refinanced on the same or better terms as under the Plan.~~

~~100.    Confirmation of the Plan is contingent upon the following conditions being satisfied:~~

60538680;1
4887-5091-2822, v. 3

(i)  Binding commitment of financial institutions or other bona fide capital providers of amounts necessary to fund Plan payments and refinancing of secured debt of Grand Living II and Grand Living.

(ii)  the Confirmation Order being in form and substance acceptable to the Debtors, and there shall not be a stay or injunction (or similar prohibition) in effect with respect thereto.

(iii) Execution of the proposed 227 Grand Mezz Lender LLC and 215 Moore Street Mezzanine Lender LLC agreements by the necessary parties.

The Debtors may waive any or all of the confirmation conditions.

101.    The effectiveness of the Plan is contingent upon the following conditions being satisfied:

(i)     The Bankruptcy Court shall have entered the Confirmation Order in form and substance satisfactory to the Debtors and 227 Grand Street Mezz Lender LLC.

(ii)    No stay of the Confirmation Order shall be in effect at the time the other conditions set forth in this paragraph are satisfied, or, if permitted, waived.

(iii)   Implementation of the AYHL Settlement, as set forth above.Closing of the sale of Property under the sale contract annexed to the Plan Supplement, and all payments to be made at closing set forth in paragraph 99 of the Plan have been made.

(iv)    Implementation of the proposed stipulations with 227 Grand Street Mezz Lender LLC and 215 Moore Mezzanine Lender LLC.

102.    **Vesting** – Except as otherwise provided in the Plan, including with respect to the AYHL Settlement and the sale of the Property, on the Effective Date all remaining assets and properties of the Estate shall vest in the Reorganized Debtor free and clear of all Liens, Claims and encumbrances and any and all liens, claims and encumbrances that have not been expressly

60538680;1
4887-5091-2822, v. 3

preserved under the Plan shall be deemed extinguished as of such date.  Except as otherwise

provided herein, as of the Effective Date, all property of the Reorganized Debtor shall be free and

clear of all Claims and Interests of Creditors, except for the obligations that are imposed under the

Plan or by a Final Order of the Bankruptcy Court.

103.    **Execution of Documents** – The Debtor shall be authorized to execute, in

the name of any necessary party including Grand Living, (except with respect to the AYHL

Settlement), any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not

expressly preserved in the Plan and deliver such notices to any and all federal, state and local

governmental agencies or departments for filing and recordation.

104.    **Recording Documents** – Each and every federal, state and local

governmental agency or department shall be authorized to accept and record any and all

documents and instruments necessary, useful or appropriate to effectuate, implement and

consummate the transaction contemplated by the Plan, including, but not limited to any and all

notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly

preserved by the Plan, and the Confirmation Order.

105.    **Preservation of Claims** – All rights pursuant to Sections 502, 544, 545 and

546 of the Bankruptcy Code, all Avoidance Actions shall be preserved for the benefit of the

Reorganized Debtors' estateestates, provided, however, that

(i)      the Reorganized DebtorsDebtor and 227 Grand Street Mezz Lender, shall

each have sole authority for prosecuting any such claims, and

60538680;1
4887-5091-2822, v. 3

(ii)     This provision shall not supersede the terms of the AYHL Settlement~~.~~,

(iii)    This provision shall not supersede the terms of the proposed stipulations
with 227 Grand Street Mezz Lender ~~LLC~~ and 215 Moore Street Mezzanine
Lender ~~LLC~~, and

(iv)     227 Grand Street Mezz Lender shall have authority to prosecute Claims and
Causes of Action against any person or entity in connection with the
violation of any Court order during the bankruptcy case or otherwise using
monies that belong to the Debtors or their subsidiaries, including Grand
Living LLC, for an improper purpose, including but not limited to, failing to
pay the secured lender payments that were owed to it.

106.    **Stamp Tax** – Under the Plan, pursuant to Bankruptcy Code § 1146(~~e~~a), (a)
the issuance, transfer or exchange of any securities, instruments or documents, (b) the creation of
any other Lien, mortgage, deed of trust or other security interest, (c) the making or assignment of
any lease or sublease or the making or delivery of any deed or other instrument of transfer under
the Plan, or the re-vesting, transfer or sale of any real or personal property pursuant to, in
implementation of, or as contemplated in the Plan, and (d) the issuance, renewal, modification or
securing of indebtedness by such means, and the making, delivery or recording of any deed or
other instrument of transfer under the Plan, including, without limitation, the Confirmation Order,
shall not be subject any applicable document recording tax, stamp tax, conveyance fee or other
similar tax, mortgage recording tax, real estate transfer tax, or other similar tax or governmental
assessment.

23

107.   **Release of Liens** – Except as otherwise provided for in the Plan,

contemporaneous with payment and satisfaction of each Secured Claim, (a) each holder of a

Secured Claim, shall on the Effective Date (x) turn over and release to the ~~Debtor~~Debtors any and

all Collateral that secures or purportedly secures such Claim, as pertains to the Property or such

Lien shall automatically, and without further action by the ~~Debtor~~Debtors be deemed released, and

(y) execute such documents and instruments as the ~~Debtor requests~~Debtors request to evidence

such Claim holder's release of such property or Lien.

## MANAGEMENT OF THE DEBTORS

108.   Each Debtor is currently managed by David Goldwasser.

Post-confirmation management shall be performed by Michael Lichtenstein ~~and Toby Moskovits~~.

109.   Neither the Debtors nor any of their employees, advisors, attorneys,

accountants, financial consultants, contractors, agents, and their successors and assigns, shall have

or incur any liability to any holder of a Claim or Interest, or to any other entity, for any act or

omission in connection with, related to, or arising out of, the pursuit of confirmation

consummation, or other administration of the Plan or the property to be distributed or otherwise

dealt with under the Plan, except for gross negligence or willful misconduct, and in all respects the

Debtors and each of their employees, advisors, attorneys, accountants, financial consultants,

contractors, and agents shall be entitled to rely upon the advice of counsel with respect to its duties

and responsibilities under the Plan. No current Holder of a Claim or Equity Interest, representative

thereof, shall have or pursue any claim or cause of action against the Debtors for making payments

in accordance with the Plan, or for implementing the provisions of the Plan. ~~The Debtors~~

60538680;1
4887-5091-2822, v. 3

Notwithstanding the above, no person or entity shall ~~not~~ be ~~liable~~released for ~~obligations relating to Allowed Claims to the extent that Allowed Claims are not paid in full, other than as a result of gross negligence or willful misconduct~~any claims that a creditor, including 227 Grand Street Mezz Lender, may have against that person or entity for violating a court order during the bankruptcy cases or otherwise using monies that belong to the Debtors or their subsidiaries, including Grand Living LLC, for an improper purpose, including but not limited to, failing to pay the first mortgage on the Property.

## DISTRIBUTIONS TO CREDITORS

110.    ~~The Debtors~~Counsel to 227 Grand Street Mezz Lender shall be ~~disbursing agent~~Disbursing Agent under the Plan without a bond (except for claims of MRFS IV LLC and AYHL, which are to be paid at closing by 227 Grand Street Mezz Lender or its designee).  The Debtor ~~reserves~~and 227 Grand Street Mezz Lender have the right to file objections to administrative claims, Professional Fee Claims or any other claims in the event grounds exist to object to particular claims, for a period of 120 days after the Effective Date.  On the initial distribution date and on each distribution date as may thereafter be necessary, the ~~Debtor~~Disbursing Agent shall maintain an undetermined claims distribution reserve for the holders of undetermined claims as of such date in a sum not less than the amount required to pay each such undetermined claim if such claim was allowed in full, except a claims distribution reserve will be established for each of the Professional Fee Claims (including claim of David Goldwasser) at closing.  To the extent that an undetermined claim becomes an Allowed Claim, the distributions reserved for such Allowed Claim, shall be released from the undetermined claims

60538680;1
4887-5091-2822, v. 3

distribution reserve and paid to the holder of such Allowed Claim.  After all the amounts of all undetermined claims have been fixed, the balance of the undetermined claims distribution reserve shall thereafter be ~~paid in accordance with the Plan~~returned to 227 Grand Street Mezz Lender.

60538680;1
4887-5091-2822, v. 3

## EXECUTORY CONTRACTS

111.    The Debtors are aware of no unexpired leases or Executory Contracts.  All unexpired leases and Executory Contracts not rejected prior to the Effective Date shall be assumed under the Plan.  In the event of a rejection which results in damages a proof of claim for such damages must be filed by the damaged party with the Court within sixty (60) days after the Effective Date.  All Allowed Claims arising from the rejection of any Executory Contract or unexpired lease shall be treated as Unsecured Claims.  Any Claim arising from the rejection of any Executory Contract or unexpired lease not filed with the Court within the time period provided herein shall be deemed discharged and shall not be entitled to participate in any distribution under the Plan.  The Debtors believe there are no cure claims with respect to Executory Contracts that may be assumed under the Plan.  Any objection to the Debtors' assertion that no cure claims exist must be filed by the party asserting such claim with the Court within fourteen (14) days after the Effective Date.

## RETENTION OF JURISDICTION

112.    Retention of Jurisdiction.  The Court shall have jurisdiction over all matters arising under, arising in, or relating to each Debtor's Bankruptcy Case including, but not limited to, proceedings:

- To consider any modification of the Plan under Section 1127 of the Bankruptcy Code;

27

- To hear and determine all Claims, controversies, suits and disputes against the Debtors to the full extent permitted under 28 U.S.C. §§ 1334 and 157;

- To hear, determine and enforce all Claims and Causes of Action which may exist on behalf of the Debtors or a Debtor's Estate, including, but not limited to, any right of a Debtor or a Debtor's Estate to recover assets pursuant to the provisions of the Bankruptcy Code;

- To hear and determine all requests for compensation and/or reimbursement of expenses which may be made;

- To hear, determine and enforce the payment of all attorneys' fees to be paid to Leech Tishman Robinson Brog PLLC and Robinson Brog Leinwand Greene Genovese & Gluck P.C. in these cases;

- To value assets of the Estate;

- To hear, determine and enforce all Claims and Causes of Action that 227 Grand Street Mezz Lender may have against any person or entity in connection with the violation of any Court order during the bankruptcy case or otherwise using monies that belong to the Debtors or their subsidiaries, including Grand Living LLC, for an improper purpose, including but not limited to, failing to pay the secured lender payments that were owed to it.

- To enforce the Confirmation Order, the final decree, and all injunctions therein;

- To enforce all orders entered in this case including without limitation the order approving the AYHL Settlement,

- To enforce the AYHL Settlement,

- To enter an order concluding and terminating the Bankruptcy Case;

- To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, or the Confirmation Order;

60538680;1
4887-5091-2822, v. 3

- To determine all questions and disputes regarding title to the assets of the Debtors.

- To re-examine Claims which may have been Allowed or disallowed for purposes of voting, and to determine objections which may be filed to any Claims and

- To enforce the sale of the Property.

## GENERAL PROVISIONS

113.    **Headings**.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

114.    **Calculation of Time Periods**.  Bankruptcy Rule 9006 is incorporated herein for purposes of calculating the dates set forth herein.

115.    **Other Actions**.  Nothing contained herein shall prevent the Debtors, Interest Holders, or Creditors from taking such actions as may be necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

116.    **Modification of Plan**.  The Debtors may seek amendments or modifications to the Plan in accordance with Section 1127 of the Bankruptcy Code at any time prior to the Confirmation Date.  After the Confirmation Date, the Debtors and/or 227 Grand Street Mezz Lender may seek to remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan

## INJUNCTION AND DISCHARGE

60538680;1
4887-5091-2822, v. 3

117.    **Injunction**.  Except as set forth in the Confirmation Order and as may be consistent with the AYHL Settlement, the confirmation of this Plan shall constitute an injunction of the Court against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtors or their property or properties, any obligation or debt except pursuant to the terms of the Plan.

118.    **Discharge**.  On the Effective Date, except as otherwise expressly provided in this Plan or the Confirmation Order, the Plan shall:  (i) discharge each Debtor and any of its Assets from all Claims, demands, liabilities and other debts that arose on or before the Effective Date, including, without limitation, all debts of the kind specified in section 502 of the Bankruptcy Code, whether or not (A) a proof of Claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (B) a Claim based on such debt is Allowed pursuant to section 502 of the Bankruptcy Code, (C) a Claim based on such debt is or has been disallowed by order of the Bankruptcy Court, or (D) the holder of a Claim based on such debt has accepted this Plan; and (ii) preclude all entities from asserting against each Debtor or any of its Assets any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, all pursuant to sections 524 and 1141 of the Bankruptcy Code. The discharge provided in this provision shall void any judgment obtained against each Debtor at any time, to the extent that such judgment relates to a discharged Claim. The Debtor shall be discharged from any Claims and agreements related to debts that arose on or before the Effective Date and such debts, Claims and agreements are deemed restructured and new as set forth in the Plan.The confirmation of this Plan shall constitute an injunction of the Court

60538680;1
4887-5091-2822, v. 3

against the commencement or continuation of any action, the employment of process, or any act, to

improperly challenge the sale of the Property pursuant section 363(m) the Bankruptcy Code.

## CLOSING THE CASE

119.    Upon both the substantial consummation and after the time period has

expired to object to any claims or assert any claims, the Debtors mayshall move for a final decree

to close the Bankruptcy Case and to request such other orders as may be just.

Dated:  New York, New York
        June 10October 3, 2022

                                **MY 2011 GRAND LLC and**
                                **S&B MONSEY LLC**

                                By:    s/ David Goldwasser

                                **BACKENROTH FRANKEL & KRINSKY, LLP**
                                Attorneys for Debtors

                                By:    s/Mark A. Frankel
                                       800 Third Avenue
                                       New York, New York 10022
                                       (212) 593-1100

31

60538680;1
4887-5091-2822, v. 3

Document comparison by Workshare 10.0 on Monday, October 3, 2022 5:37:15 PM

| Input: | |
|---|---|
| Document 1 ID | file://F:\279 Grand\Plan.021.docx |
| Description | Plan.021 |
| Document 2 ID | file://F:\279 Grand\Amended Plan.30.docx |
| Description | Amended Plan.30 |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 194 |
| Deletions | 179 |
| Moved from | 1 |
| Moved to | 1 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 375 |