UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re                                                                                      Chapter 11

**MY 2011 GRAND LLC, et al,**[1]                                          Case No. 19-23957 (SHL)

                                                         (Jointly Administered)

                        Debtors.
------------------------------------------------------------X

## DECLARATION OF GREGORY PREIS IN SUPPORT OF CONFIRMATION OF DEBTORS' SIXTH AMENDED JOINT PLAN OF REORGANIZATION

**Gregory Preis**, being duly sworn, deposes and says:

1. I am an authorized representative of 227 Grand Street Mezz Lender LLC ("227 Grand Street Mezz Lender"), which is a secured creditor and interested party in the above-captioned bankruptcy cases, and I have personal knowledge of the facts of these cases and the events that transpired to date based upon the files maintained by the 227 Grand Street Mezz Lender in the ordinary course of its business. As a result, I am fully familiar with the facts and circumstances of these cases.

2. I submit this Declaration in support of 227 Grand Street Mezz Lender's successful bid at the auction held in this case on September 20, 2022 (the "Auction"), and the Debtors' Sixth Amended Joint Plan of Reorganization dated October 3, 2022 (the "Plan")[2],

3. The Auction was conducted pursuant to this Court's order signed and entered on September 20, 2022 (ECF Doc. No. 225). 227 Grand Street Mezz Lender's successful bid

---

[1] The debtors in these chapter 11 cases and the last four digits of each debtor's taxpayer identification number are as follows: MY 2011 Grand LLC (0415) and S&B Monsey LLC (7070)(collectively the "Debtors").

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the confirmation order.

at the Auction was for a aggregate total of $41,504,872, comprised of a combination credit bid and cash component.

4. 227 Grand Street Mezz Lender's credit bid was fixed and approved by Stipulation and Order approved by this Court on June 30, 2022 (ECF Doc. No. 213).

5. In anticipation of the Auction, 227 Grand Street Mezz Lender had entered into discussions with third parties to arrange for the financing of the cash component of its bid to fund its acquisition of the Property under the Plan if it was the successful purchaser at the Auction.

6. After the Auction, on September 22, 2022, 227 Grand Street Mezz Lender and Cross River Bank of Teaneck, New Jersey, entered into a letter of intent and term sheet ("LOI") to finance the cash component of 2227 Grand Street Mezz Lender's successful bid in the amount of $27,000,000. A copy of the LOI is annexed hereto as Exhibit A.

7. Based upon the successful bid and the credit bid, 227 Grand Street Mezz Lender submits that the LOI provides the necessary funds to insure payment of the purchase price for the Debtors' Property as provided for under its Plan.

8. To backstop and ensure that the Court is confident in 227 Grand Street Mezz Lender's ability to close on its successful bid, and therefore confirm the sale and Debtors' Plan, 227 Grand Street Mezz Lender also represents that it and its members, partners, managers and affiliates have sufficient liquidity on its own to close on the sale of the Property. 227 Grand Street Mezz Lender can provide proof of such liquidity, in camera to the Court, if required.

9. The transaction, a proposed sale of the Property pursuant to the Plan, is pursuant to a validly conducted Auction and was negotiated by the Debtors and 227 Grand

Street Mezz Lender at arm's length, without collusion or fraud, and in good faith. The 227 Grand Street Mezz Lender has not engaged in any conduct that would cause or permit the sale of the Property to be avoided or acted in any improper or collusive manner with any persons. 227 Grand Street Mezz Lender has proceeded in good faith in connection with the bankruptcy case including, but not limited to, the Auction and the sale of the Property; and therefore, believes it is entitled to a finding that it is a good faith purchaser. Accordingly, 227 Grand Street Mezz Lender asks for a finding that it acted in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, that it is a purchaser in good faith and entitled to all the protection and immunities to be afforded it by Section 363(m) of the Bankruptcy Code.

10. 227 Grand Street Mezz Lender further submits that its successful bid, in the form of a credit bid with a cash component represents the highest and best offer that Debtors received for the sale of the Property and constitutes the reasonable equivalent value and fair consideration for the purchase of the Property. As such, 227 Grand Street Mezz Lender's purchase of the Property is a legal, valid and effective means of transfer and vests 227 Grand Street Mezz Lender with all rights, title and interest in the Property pursuant to Section 363(f) and 1123 of the Bankruptcy Code, free and clear of all liens, claims, encumbrances or interests of any kind or nature that have been, are or could be, asserted against the Property, whether known or unknown, whether asserted or unasserted, whether liquidated or unliquidated, whether due or to become due, whether accrued or unaccrued, whether absolute or contingent, whether by agreement, statute or otherwise, whether arising prior to or subsequent to these cases ("Interests").

11. As such, 227 Grand Street Mezz Lender also believes that it is entitled to a finding that upon closing of the sale of the Property, the sale transaction effectuates a legal, valid, enforceable and effective sale and transfer of all of the Debtors' and GL's rights, title and interest in the Property to it, and shall vest Lender with all of the Debtors and GL's respective rights, title and interest of the Property free and clear of all Interests of any kind whatsoever, except as expressly provided for in the Order confirming the Plan and the Transaction Document, and further, that the sale of the Property shall be enforceable against and binding upon, and not subject to rejection or avoidance.

12. Finally, 227 Grand Street Mezz Lender represents that it is not an "insider" of the Debtors as that term is defined in Section 101(31) of the Bankruptcy Code and that it has not engaged in conduct that would cause or permit the sale of the Property to it to be avoided under Section 363(n) of the Bankruptcy Code.

13. Accordingly, I submit this Declaration in support the Debtors' Plan. 227 Grand Street Mezz Lender is committed to the purchase of the Property and has provided sufficient evidence of its funding for its purchase of the Property.

**WHEREFORE**, 227 Grand Street Mezz Lender respectfully requests that this Court enter an Order confirming the sale and confirming Debtors' Plan, together with such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing, in accordance with 28 U.S.C. §1746, is true and correct.

**Dated:** New York, New York
October 3, 2022

_____
GREGORY PREIS

4892-3810-3350, v. 2

# **EXHIBIT A**



Cross River Bank
885 Teaneck Road
Teaneck, New Jersey 07666

September 22, 2022

Re: 227 Grand Street Brooklyn, NY 11211

Mr. Lebovits, Mr. Jungreis & Mr. Friedman,

We are pleased to inform you that Cross River Bank (the "Bank") is willing to consider your request for financing on the terms contained in the enclosed attachments. Any approval will be based upon a satisfactory level of financial disclosure, assuming all due diligence investigations and credit analysis provides us the comfort level we need to proceed.

This proposal is based upon our evaluation of facts currently presented and known to us; any material change in the facts as presented or as disclosed during our due diligence process could result in a revision to all or part of the terms contained herein, including complete withdrawal.

**The attached Term Sheet (Attachment 1) is provided for discussion purposes only, to set forth a general outline of the preliminary loan terms. It does not represent, and should not be construed as a commitment, implied or otherwise, on the part of the Bank to provide financing. It is merely an expression of interest. The Bank shall have no obligation or liability by virtue of the commencement, continuation or termination of the discussion contemplated herein until a written loan commitment is issued by the Bank and accepted in writing by the undersigned (or a designee approved by the Bank).**

**The undersigned acknowledges that Cross River Bank is under no obligation and has made no commitment or agreement to lend any money to the undersigned or to any entity or affiliate of the undersigned.**

If you are in agreement with the proposed terms, and in order to induce the Bank to further consider this application and to initiate formal processing of your request, please so indicate by signing and returning the enclosed copy of this letter along with a check in the sum of $50,000 (the "Good Faith Deposit") to cover the cost of conducting our due diligence in connection with our review, analysis and consideration of this loan request. Upon receipt of this signed letter and the Good Faith Deposit the Bank will order third party reports, including the appraisal and environmental reports, unless you instruct us otherwise in writing. Whether or not the loan closes, all out-of-pocket expenses incurred by the Bank relating to this Loan including, but not limited to, title insurance premiums, recording fees,

Borrowers Initials _[initials]_

_[initials]_

mortgage taxes, legal expenses, appraisal, environmental and engineer inspection costs, if any, shall be paid by the Borrower. In the event the Bank rejects this application, such Good Faith Deposit, net of all expenses incurred by the Bank, shall be refunded to the Borrower without interest. In the event that the application outlined above is approved substantially in accordance with the Term Sheet and the Borrower withdraws the application, then the entire amount of the Good Faith Deposit shall be deemed to be a loan origination fee earned by the Bank in consideration for processing the application and will not be refunded.

If you are in agreement with the proposed terms, and in order to induce the Bank to further consider this application and to initiate formal processing of your request, please so indicate by signing and retuning the enclosed copy of this letter and any additional information requested. If these materials are not received within ten (10) days from the date hereof, the conditions described in this letter will be considered null and void.

The contents of this letter supersede all prior oral and written communication pertaining to this transaction. This letter is confidential and shall not be shown by you or the Borrower to third parties unless specifically authorized by the Bank.

Please telephone Shimon Eisikowicz at (201) 808-7000 if you have any questions or wish to discuss any of the attached proposed terms.

Sincerely yours,

**CROSS RIVER BANK**

Shimon Eisikowicz
Executive Vice President, Chief Lending Officer

**READ AND ACKNOWLEDGED**
227 Grand JFL Holdings LLC

By: _____   Date: 9/22/22
Title: Allan Lebovits

By: _____   Date: 9/22/22
Title: Aaron Jungreis

By: Ron Friedman   Date: 9/22/22
Title: Ron Friedman

Borrowers Initials __AJ__

2

RF

# FOR DISCUSSION PURPOSES ONLY

| | |
|---|---|
| **Borrower:** | An Entity TBD |
| **Amount:** | $27,000,000 Commercial Real Estate Mortgage or a maximum of 65% LTV. |
| **Collateral:** | First mortgage on the commercial property situated at 227 Grand Street Brooklyn, NY 11211 including, but not limited to: |

- First security interest in all personal property, fixtures and equipment on the premises;
- Assignment of all leases and rents;
- First security interest in all assets of the Borrower.

| | |
|---|---|
| **Guarantor(s):** | N/A; standard bad boy carve outs |
| **Term:** | 10 Year Term. The first 5 years will be fixed with the rate resetting for an additional 5-year term. The rate will adjust based on a specified margin and index. |
| **Amortization:** | 2 years IO, then 30 Years. |
| **Interest Rate:** | Fixed for 5 years at 5.25%. The subsequent reset will adjust at a margin of 300 bps above the 5 Year US Treasury, with a floor of 5.25%. |
| **Fees:** | .55% ~~1% ($270,000)~~ origination fee to CRB. All costs to close the loan to be paid by the borrower including, but not limited to appraisal, environmental and legal. |
| **Appraisal:** | Borrower to pay the cost of a market value appraisal of the premise prepared by an appraiser approved by the Bank indicating a maximum LTV of 65%. Said appraiser is subject to peer review, if applicable. The Borrower shall pay the cost of the appraisal and peer review. |
| **Environmental** | Bank is to engage an environmental consultant to review all matters with respect to the subject site including, but not limited to, preparation of a Phase I Environmental Assessment and Asbestos Inspection Report of the premises. Borrower will pay the cost of these reports in advance. |

Borrowers Initials _[initials]_

3

| | |
|---|---|
| **Prepayment:** | At any time during the term of the loan, the Borrower may, upon 30 days prior written notice to the Bank, prepay the principal amount due under the note in whole or in part, by paying in addition to said principal amount, accrued interest and all other sums due under the loan along with an amount calculated as follows: |

Year 1     5% of the prepaid principal amount
Year 2     2% of the prepaid principal amount
Year 3     1% of the prepaid principal amount
Year 4     1% of the prepaid principal amount
Year 5     1% of the prepaid principal amount
Year 6     5% of the prepaid principal amount
Year 7     2% of the prepaid principal amount
Year 8     1% of the prepaid principal amount
Year 9     1% of the prepaid principal amount
Year 10    1% of the prepaid principal amount

There shall be a 60-day window before the completion of the 5th year of the loan in which no prepayment penalty shall be assessed.

**Transferability:** The loan will be due in full upon the sale or transfer of the premises.

**Condition of Title:** The decision of the Bank or its counsel on title, marketability, encumbrances, use and condition of the property, requirement of all necessary permits, and sufficiency of all documents incidental to the closing of the proposed loan shall be final and conclusive.

**Commitment:** The loan is to close ~~within sixty (60) days from issuance of commitment~~ by Lo 1/4/22.

**Closing:** At the offices of Bank counsel (to be determined), or at such other location, at the Bank's option.

**Other Terms:**

- A minimum debt service coverage ratio of 1.20 must be maintained during the life of the loan.
- Bank will escrow for taxes and insurance at the time of closing.
- Borrower to open and maintain an account relationship with CRB. A minimum balance not to be less than $150,000.

Borrowers Initials _[initials]_

4