UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br>**MY 2011 Grand LLC, _et al._,**[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 19-23957 (SHL)<br>(Jointly Administered) |

**ORDER (I) CONFIRMING SIXTH AMENDED JOINT CHAPTER 11 PLANS OF
REORGANIZATION OF MY 2011 GRAND LLC AND S&B MONSEY LLC, AND
(II) APPROVING SALE OF REAL PROPERTY UNDER THE AMENDED PLAN**

       THIS MATTER came before the Court for hearing on October 6, 2022 at 10:00 a.m.

Eastern Time (the "Confirmation Hearing") to consider (i) confirmation of the Sixth

Amended Joint Chapter 11 Plan filed by debtors MY 2011 Grand LLC ("My 2011") and

S&B Monsey LLC ("S&B", together with My 2011, collectively referred to hereinafter the

"Debtors") on October 3, 2022 [ECF No. 232] (the "Plan")[2] in the above-captioned jointly-

administered chapter 11 cases (the "Chapter 11 Cases"), and (ii) approval of the sale of the

real property owned by a subsidiary of the Debtors, Grand Living II, LLC ("GL II"), which

owns Grand Living LLC ("GLL", referred to collectively hereinafter as "GL"), which owns

the property located at 227 Grand Street, Brooklyn, New York (the "Property") free and clear

of all liens, claims, encumbrances, and adverse interests, to the successful bidder at the

auction, 227 Grand Street Mezz Lender LLC, or its designee.

       The Court, having considered the Plan, the previously approved Disclosure

Statement, the (i) _Order (a) Approving Bidding Procedures for Sale of Property Located at_

---

[1]The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification numbers are as follows: MY 2011 Grand LLC (0415) and S&B Monsey LLC (7070).

[2]Unless otherwise noted, capitalized terms shall have the meanings ascribed to them in the Plan.

*227 Grand Street, Brooklyn, New York 11211, (b) Scheduling Auction for, and Hearing to Approve, Sale of Property Located at 227 Grand Street, Brooklyn, New York 11201 and/or Hearing on Approval of Debtors' Disclosure Statement And Confirmation of Debtors' Plan, and (d)  Granting Related Relief* dated September 20, 2022 [ECF No. 225] (the "Bidding Procedures Order"), the *Declaration of David Goldwasser in Support of Plan Confirmation*, dated October 3, 2022 ("Confirmation Declaration") [ECF No. 233], (iii) *Declaration of Gregory Preis in Support of Confirmation of Debtors' Sixth Amended Joint Plan of Reorganization* dated October 3, 2022 ("Preis Declaration") [ECF No. 234], and (iv) *Certification of Ballots* dated October 5, 2022 [ECF No. 236] (the "Certification of Ballots"), the statements and representations of counsel, any modifications, amendments, and additions to the Plan announced on the record by counsel for the Debtors and counsel for 227 Grand Street Mezz Lender LLC (the "227 Mezz Lender"), the Successful Bidder (as defined below), at the auction, the proffered testimony of the Debtors and the 227 Mezz Lender, and the entire record of the Chapter 11 Cases, the Court makes the following recitals, findings of fact, and conclusions of law:

## Recitals

A.      WHEREAS, on November 6, 2019 (the "Petition Date"), the Debtors filed for bankruptcy protection under Chapter 11 of  Title 11 of the United States Code (the "Bankruptcy Code"); and

B.      WHEREAS, on July 7, 2020, the Debtors filed their Joint Plan of Reorganization [ECF No. 37] and Joint Disclosure Statement [ECF No. 38], as further amended by Amended Joint Plan of Reorganization and Amended Joint Disclosure Statement on July 9, 2021 [ECF Nos. 103, 104]; Second Amended Joint Plan of

4895-1866-3990, v. 5

Reorganization and Second Amended Joint Disclosure Statement on November 19, 2021

[ECF Nos. 146, 147, 151], Third Amended Joint Plan of Reorganization and Third Amended

Joint Disclosure Statement on January 5, 2022 [ECF No. 164, 165] and Fourth Amended

Joint Plan of Reorganization and Fourth Amended Joint Disclosure Statement on February 7,

2022 [ECF Nos. 171, 172], Fifth Amended Joint Plan of Reorganization and Fifth Amended

Joint Disclosure Statement on June 12, 2022 [ECF Nos. 201, 202], and Sixth Amended Joint

Plan of Reorganization on October 3, 2022 [ECF No. 232] (collectively, the "Plan" and

Disclosure Statement"); and

C.      WHEREAS, on June 13, 2022, the Court approved the adequacy of the Fifth

Amended Joint Disclosure Statement by order dated June 13, 022 [ECF No. 204], as

corrected on June 14, 2022 [ECF No. 209] (the "Disclosure Statement Approval Order"); and

D.      WHEREAS, on October 25, 2021, the Court entered that certain Order

Approving the Settlement Agreement by and among My 2011, S&B Monsey, Grand Living

II, LLC, Grand Living, LLC, GL Merger Partner, LLC, Yeichel Michael Lichtenstein,

Moshe Dov Schweid, Toby Moskovits and All Year Holdings Limited Pursuant to 11 U.S.C

§105(a) and Federal Rule of Bankruptcy Procedure 9019(a), dated October 25, 2021 [ECF

No. 136]  (the "9019 Order"): and

E.      WHEREAS, on June 30, 2022, the Court entered the Stipulation and Order

Resolving the Proofs of Claim Filed by 227 Grand Mezz Lender LLC [ECF No. 213] (the

"227 Grand Stipulation and Order"); and

F.      WHEREAS, on June 30, 2022, the Court entered the Stipulation and Order

Resolving Proof of Claim Filed by 215 Moore Street Mezzanine Lender LLC ("215 Moore"),

dated June 30, 2022 [ECF No. 214] (the "215 Moore Stipulation and Order"); and

3

G.      WHEREAS, the Debtors own GL II, which owns GL, which owns the

Property, which is being sold to 227 Mezz Lender or its Designee (defined below).

H.      WHEREAS, on September 20, 2022, the Court entered the Order (A)

Approving Bidding Procedures for Sale of Property Located at 227 Grand Street, Brooklyn,

New York 1211, (B) Scheduling Auction For, and Hearing to Approve, Sale of Property

Located at 227 Grand Street, Brooklyn, New York 1211 and/or Hearing on Approval of

Debtors' Disclosure Statement and Confirmation of Debtors' Plan, and (C) Granting Related

Relief (the "Bidding Procedures Order") [ECF No. 225] and an auction of the Property was

conducted pursuant to which the 227 Mezz Lender was the only bidder to participate and

submitted a credit bid in the amount of $41,504,872 (which bid includes a cash component),

plus other consideration as set forth more fully in the Plan and the Purchase and Sale

Agreement ("PSA") annexed to the Plan Supplement (the "Plan Supplement"), and was

determined to be the highest and best bidder (the "Successful Bidder"); and

I.      WHEREAS, as required by the Bidding Procedures Order, on September 21,

2022, the Debtors filed a Notice of Hearing [ECF No. 226] with respect to a hearing

scheduled for October 6, 2022 at 10:00 a.m. on confirmation of the Plan and/or approval of

the sale of the Property under such Plan or otherwise; and

J.      WHEREAS, as evidenced by the relevant certificates of service on file in this

case [ECF No. 227], counsel for the Debtors caused to be served the Bidding Procedures

Order, the Notice of Hearing of the Confirmation Hearing and/or Sale Hearing, the Plan, and

the Plan Supplement which contains the proposed Confirmation Order and/or Sale Order,

and holders of administrative claims (which includes all other parties required to be served

under Bankruptcy Rules 2002 and 3017); and

K.      On October 3, 2022, the Debtors caused to be filed the Preis Declaration [ECF No. 234] and the Confirmation Declaration [ECF No. 233].

L.      The Confirmation Hearing was held on October 6, 2022 at 10:00 a.m.

M.      WHEREAS, under the Plan, the sale of the Property must occur on or before October 14, 2022.

NOW, THEREFORE, it appearing to the Court that notice of the Confirmation Hearing and the opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate in this case; and upon the Court's review of the Voting Report; and upon all of the evidence proffered or adduced and the arguments of counsel made at the Confirmation Hearing, the Confirmation Declaration, the Preis Declaration and the entire record of the Chapter 11 Cases; and after due deliberation thereon and good cause appearing therefor:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.      **Exclusive Jurisdiction; Venue, Core Proceeding (28 U.S.C. §§157, 1334(a), 1408 and 1409)**. This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§157 and 1334. Venue is proper before the Court pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. §§157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable

---

[3]The findings and conclusions set forth herein and on the record of the Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure made applicable herein by Bankruptcy Rules 7052 and 9014. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

provisions of the Bankruptcy Code and should be confirmed, and to enter a final order with respect to such matters.

2. **Judicial Notice**. This Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Cases.

3. **Transmittal and Mailing of Materials, Notice**. The Solicitation Package was transmitted and served appropriately pursuant to the Disclosure Statement Approval Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and the other dates described in the Bidding Procedures Order was given in compliance with the Bidding Procedures Order, and no other or further notice is or shall be required.

4. **Service and Notice**. There was adequate and sufficient notice of (i) the Disclosure Statement and the Plan, (ii) the deadline to file and serve objections to the adequacy of the Disclosure Statement and confirmation of the Plan, (iii) the deadline for voting on the Plan, (iv) the hearing date for approval of the Disclosure Statement and confirmation of the Plan, and (v) the approval of the post-confirmation sale of the Property to the 227 Mezz Lender or their designee. The Debtors afforded all parties in interest an adequate opportunity to be heard regarding the Disclosure Statement and the Plan.

5. **Arm's-Length Sale**. The proposed sale of the Property pursuant to the Plan, the transaction documents in connection therewith (the "Transaction Documents"), validly conducted Auction, and this Order was negotiated by the Debtors and the 227 Mezz Lender

4895-1866-3990, v. 5

at arm's-length, without collusion or fraud, and in good faith within the meaning section 363(m) of the Bankruptcy Code. None of the Debtors, the 227 Mezz Lender, their respective affiliates, or their representatives has engaged in any conduct that would cause or permit sale of the Property or the Transaction Documents to be avoided under section 363(n) of the Bankruptcy Code or has acted in any improper or collusive manner with any person. The 227 Mezz Lender  has proceeded in good faith in connection with the bankruptcy case, including, but not limited to, the auction and sale of the Property. The terms and conditions of the sale transaction which shall close no later than October 14, 2022, including, without limitation, the consideration provided therein, are fair and reasonable and shall not be avoided under section 363(n) of the Bankruptcy Code. The Transaction Documents shall constitute valid and binding contracts and shall be enforceable according to their terms.

6.      **Sale in Best Interests**. The sale of the Property (pursuant to the terms in the PSA) is in the best interests of the Debtors, their estates, creditors and all other parties in interest. Immediate approval by this Court of the sale of the Property to the 227 Mezz Lender or its designee (the "Designee" or "Purchaser") is necessary and appropriate to maximize the value of the Debtors' estates. There is risk of deterioration of the value of the Property if the sale transaction is not promptly consummated.

7.      **Business Justification**. The Debtors have demonstrated good, sufficient and sound business reasons and compelling circumstances for the Court to approve the Transaction Documents and authorize the sale of the Property under sections 363(b) and 1123 of the Bankruptcy Code outside the ordinary course of business and under the confirmed Plan. Entry of this Order approving the sale of the Property under the confirmed

4895-1866-3990, v. 5

Plan is a necessary condition precedent to the Purchaser's consummation of the sale transaction.

8.    **Consideration**. The Property has been adequately marketed, and the purchase price to be provided by the Purchaser in the form of a credit bid (including a cash component) (i) represents the highest or otherwise best offer received by the Debtors for the Property, and (ii) constitutes reasonably equivalent value and fair consideration for the Property.

9.    **Books and Records:** The Debtors and GL are authorized and directed to turn over and deliver all of GL's books, records, keys, plans, specifications, tests and other materials of any kind to the Purchaser at the closing of the Sale of the Property.

10.    **Free and Clear**. Upon the Closing (as defined below), and conditioned upon payment and satisfaction in full of all obligations to the senior lender on the Property in respect of its senior lien and All Year Holdings Limited in respect of its secured interest in the Property in accordance with the Plan and 9019 Order, the Sale to the 227 Mezz Lender in accordance with Plan and/or the Transaction Documents will be a legal, valid, and effective transfer of the Property (and not the membership rights in the Debtors), and vests or shall vest the 227 Mezz Lender with all right, title, and interest of GL in the Property pursuant to sections 363(f) and 1123 of the Bankruptcy Code free and clear of all liens, claims (as defined in section 101(5) of the Bankruptcy Code), encumbrances, or interests of any kind or nature that have been, are or could be asserted against the Debtors or the Property, whether known or unknown, whether asserted or unasserted, whether liquidated or unliquidated, whether due or to become due, whether accrued or unaccrued, whether absolute or contingent, whether arising by agreement, statute or otherwise, whether arising prior to or

subsequent to the commencement of the Chapter 11 Cases (singularly and/or collectively, the "Interests"), with such Interests, to the extent they are liens, to remain in place pending the occurrence of the closing of the Sale (the "Closing").  The 227 Mezz Lender or its Designee would not consummate the Sale if the Sale were not free and clear of all Interests as described herein, or if the 227 Mezz Lender would, or could in the future, be liable for any such Interests. The holders of any Interests who did not object to the Sale will be deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. The Debtors may sell the Property free and clear of any Interests of any kind or nature as set forth in this Order because each person or entity with any Interest in the Property: (i) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest; or (ii) has a lien and the purchase price for the Property is greater than the aggregate value of all liens on the Property; or (iii) such Interest is subject to bona fide dispute; (iv) the holder of such Interest has consented, or is deemed to have consented, to the Sale.  Upon the closing of the Sale to Purchaser, 227 Mezz Lender's mezzanine loan and accompanying documents evidencing its security interest in each Debtor are terminated.

11.    **Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. §1129(a)(1))**. As set forth below, the Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

     a.     Proper Classification of Claims and Interests (11 U.S.C. §§1122, 1123(a)(1)). The Plan designates nine Classes of Claims and Interests. The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, the classifications are not done for any improper purpose, and such

9

classification does not unfairly discriminate among holders of Claims or Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

b.  <u>Specification of Unimpaired Classes (11 U.S.C. §1123(a)(2))</u>. The Plan specifies that My 2011 Classes 2, 3 and 4 and Monsey Classes 3, 4 and 5, under the Plan are unimpaired and that My 2011 Class 1 and Monsey Classes 1 and 2 of the Plan are impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

c.  <u>Specification of Treatment of Impaired Classes (11 U.S.C. §1123(a)(3))</u>. The Plan designates My 2011 Class 1 and Monsey Classes 1 and 2 as impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

c.  <u>Equal Treatment Within Classes (11 U.S.C. §1123(a)(4))</u>. The Plan provides for the same treatment for each Claim or Interest in a particular Class unless the holder of a particular Claim or Interest in such Class has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

d.  <u>Implementation of Plan (11 U.S.C. §1123(a)(5))</u>. The Plan provides adequate and proper means for its implementation, including (a) the consummation of the Sale Transaction, and (b) the payments to be made under the Plan will be from Cash turned over by 227 Mezz Lender or its Designee to the Disbursing Agent pursuant to Paragraph 99 of the Plan and Cash to be contributed by 227 Mezz Lender, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

e.  <u>Charter Provisions (11 U.S.C. §1123(a)(6))</u>. The Plan does not provide for the charter provisions described in section 1123(a)(6) of the Bankruptcy Code, and thus section 1123(a)(6) is not applicable.

f.  <u>Selection of Officers and Directors (11 U.S.C. §§1123(a)(7) & 1129(a)(5))</u>. No officers and directors will be selected under the Plan. Accordingly, the Plan is not required to contain provisions for the selection of officers, directors, or trustees in accordance with sections 1123(a)(7) and 1129(a)(5) of the Bankruptcy Code, except that post-confirmation management will be performed by Michael Lichtenstein.

g.  <u>Discretionary Contents of the Plan (11 U.S.C. §1123(b))</u>. The Plan contains various provisions that may be construed as discretionary but are not required for confirmation under the Bankruptcy Code. These Plan provisions are appropriate, in the best interests of the Debtors and the estate, and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (a) the assumption or

10

rejection of executory contracts and unexpired leases; and (b) exculpation of various persons and entities. Accordingly, section 1123(b) of the Bankruptcy Code is satisfied.

H,     <u>Rule 3016(a) of the Bankruptcy Rules</u>. The Plan is dated and identifies the entities submitting it, thereby satisfying Rule 3016(a) of the Bankruptcy Rules.

12.     **<u>The Plan Proponents' Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. §1129(a)(2))</u>**. The Debtors, as plan proponents, have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically:

d.     the Debtors are proper proponents of the Plan under section 1121(c) of the Bankruptcy Code;

e.     the Debtors, as plan proponents, have complied with applicable provisions of the Bankruptcy Code; and

f.     the Debtors, as plan proponents, have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Solicitation Package and in soliciting and tabulating votes on the Plan.

13.     **<u>Plan Proposed in Good Faith (11 U.S.C. §1129(a)(3))</u>**. The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court may examine the totality of the circumstances surrounding the formulation of the Plan. The Plan was negotiated at arm's-length and proposed in good faith to provide for a sale of the Property and enable a distribution to the Debtors' administrative and general unsecured creditors.

14.     **<u>Payments for Services or Costs and Expenses (11 U.S.C. §1129(a)(4))</u>**. Any payment made or to be made by the Debtors for services or for costs and expenses in or in

4895-1866-3990, v. 5

connection with the Chapter 11 Case, or in connection with the Plan and incident to the

Chapter 11 Case, is subject to the approval of, the Court as reasonable, thereby satisfying

section 1129(a)(4) of the Bankruptcy Code.

15.    **No Rate Changes (11 U.S.C. §1129(a)(6))**. There are no rates applicable to

the Debtors' business or otherwise over which any regulatory commission or other

governmental authority has, or will have, jurisdiction after confirmation of the Plan, whose

approval of such rates is required under section 1129(a)(6) of the Bankruptcy Code. Thus,

section 1129(a)(6) of the Bankruptcy Code is not applicable in the Chapter 11 Cases.

16.    **Best Interests of Creditors Test (11 U.S.C. §1129(a)(7))**. The Plan provides

that each holder of a claim or interest in an impaired class shall have either accepted the Plan

or will receive or retain under the Plan on account of such claim or interest property of a

value, as of the Effective Date of the Plan, that is not less than the amount that such holder

would so receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy

Code on such date. The Liquidation Analysis contained in the Disclosure Statement reflects

that each holder of a claim or interest in an impaired class will receive a distribution on

account of such claim or interest that is not less than such holder would receive or retain if

the Debtors were liquidated in a chapter 7 bankruptcy case. Thus, the Plan satisfies section

1129(a)(7) of the Bankruptcy Code.

17.    **Acceptance by Certain Classes (11 U.S.C. §1129(a)(8))**.  This information

will be reflected in the Confirmation Declaration and Certification of Ballots to be attached

to the Plan Supplement.

18.    **Treatment of Priority Claims (11 U.S.C. §1129(a)(9))**. The Plan provides

for the treatment of Bankruptcy Fees, Allowed Administrative Claims, Allowed Professional

4895-1866-3990, v. 5

Fee Claims, Allowed Administrative Tax Claims, and Allowed Priority Tax Claims. Except as the holders of such Allowed Claims and the Debtors agree to different treatment, the Disbursing Agent, counsel to 227 Mezz Lender, shall pay to each holder of such Allowed Claims Cash in an amount equal to such Claim. Thus, the Plan's treatment of Bankruptcy Fees, Allowed Administrative Claims, Allowed Professional Fee Claims, Allowed Administrative Tax Claims, and Allowed Priority Tax Claims satisfies the requirements of sections 1129(a)(9) of the Bankruptcy Code.

19.    **Acceptance of at Least One Impaired Class of Claims (11 U.S.C. §1129(a)(10))**.  This information will be reflected in the Confirmation Declaration and Certification of Ballots to be attached to the Plan Supplement.

20.    **Feasibility (11 U.S.C. § 1129(a)(11))**. The Plan provides for the liquidation of the Debtors following a sale of the Property.  Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code. Moreover, 227 Mezz Lender either delivered to the Disbursing Agent funds to satisfy reserves for all payments required to be made under the Plan or have the financial wherewithal to make payments required to be made at the closing of the Sale Transaction or if such payments are not required to be made at closing, have the financial wherewithal to make such payments at the appropriate time.

21.    **Payment of Certain Fees (11 U.S.C. §1129(a)(12))**. All Statutory Fees will be paid as they become due pursuant to the Plan. Thus, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

22.    **Continuation of Retiree Benefits (11 U.S.C. §1129(a)(13))**. The Debtors do not currently have any liability to pay "retiree benefits" as that term is defined under section

4895-1866-3990, v. 5

1114(a) of the Bankruptcy Code. Accordingly, section 1129(a)(13) of the Bankruptcy Code
is not applicable.

23. **Confirmation of Plan Over Nonacceptance of Impaired Class (11 U.S.C. §1129(b))**. As reflected in the Confirmation Declaration and Certification of Ballots, all impaired classes voted to accept the Plan, and thus Section 1129(b) does not apply.

24. **No Other Plan (11 U.S.C. §1129(c))**. No party is requesting the Court to confirm another pending plan of reorganization with respect to the Debtors.

27. **No Avoidance of Taxes or Avoidance of Application of Securities Act (11 U.S.C. §1129(d))**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

28. **Good Faith Solicitation (11 U.S.C. §1125(e))**. Based upon the record before the Court, the Debtors solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, and the Debtors, along with all entities who assisted the solicitation, are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpatory and injunctive provisions set forth in the Plan.

29. **Implementation of the Plan**. All documents necessary to implement the Plan, shall, upon execution, be valid, binding, and enforceable agreements in accordance with their terms, and shall not be in conflict with any federal or state law.

30. **Retention of Jurisdiction**. The Court shall retain jurisdiction over the matters set forth in paragraph 112 of the Plan and as may be provided elsewhere in this Order.

## **DECREES**

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED, AND DETERMINED THAT:

31.    **Incorporation**. To the extent applicable, based on the context, the foregoing Findings of Fact and Conclusions of Law are incorporated by reference as decretal paragraphs of this Order.

32.    **Sale is Approved**. The Sale of the Property is approved, and the Debtors are authorized and directed to cause GL to sell, transfer and convey the Property to 227 Mezz Lender or its Designee pursuant to the terms of the Plan and the Transaction Documents.

33.    **Confirmation**. The Plan is hereby approved and confirmed under section 1129 of the Bankruptcy Code. All objections to the Plan not heretofore withdrawn or resolved as set forth on the record at the Confirmation Hearing are overruled in their entirety. The record of the Confirmation Hearing is incorporated herein by reference.

34.    **Approval and Authorization**. The Transaction Documents and all of the terms and conditions therein are approved. The Debtors, GL, and each of their respective officers, members, employees and agents, as applicable, is each hereby authorized and directed to (i) perform the obligations under and comply with the terms of the Transaction Documents and execute, deliver and perform any additional agreements, instruments or documents that may be reasonably necessary or appropriate to implement the transaction documents; (ii) consummate the sale, transfer and conveyance of the Property in accordance with the terms and conditions of the Plan and the Transaction Documents and in compliance with the 9019 Order; and (iii) take all other and further actions as may be reasonably necessary or appropriate to implement the sale, transfer and conveyance of the Property and perform their obligations under the transaction documents. The provisions of this Order authorizing the sale of the Property free and clear of liens, claims, encumbrances and Interests, except as otherwise set forth in the Transaction Documents or this Order, shall be

4895-1866-3990, v. 5

self-executing, and neither the Debtors nor the 227 Mezz Lender and/or the Purchaser shall

be required to execute or file releases, termination statements, assignments, consents, or

other instruments in order to effectuate, consummate and implement the provisions of this

Order.  However, the Debtors, the 227 Mezz Lender, the Purchaser, and each of their

respective officers, directors, employees, agents, and representatives are hereby authorized

and empowered to take all actions and execute, file, register or otherwise record, and deliver

any and all agreements, instruments and documents (including without limitation, deeds and

accompanying transfer documents as may be required by recording officers and/or a title

insurance company) that the Debtors,  227 Mezz Lender or Purchaser deem necessary or

appropriate to implement and effectuate the terms of the Transaction Documents and this

Order. This Order is deemed to be in recordable form sufficient to be placed in the filing or

recording system of each federal, state, or local government agency, department or office.

35.    **Valid Transfer**. Upon the Closing, (i) the sale transaction effects a legal,

valid, enforceable and effective sale and transfer of all of the Debtors' and GL's, respective

rights, title, and interests in the Property to the Purchaser, and shall vest the Purchaser with

all of the Debtors', and  their indirect subsidiary, GL's respective rights, title, and interests in

the Property free and clear of all Interests of any kind whatsoever, except as expressly

provided in this Order and the Transaction Documents, and (ii) the Transaction Documents,

the sale of the Property, and any agreements, instruments and documents contemplated

thereby shall be enforceable against and binding upon, and not subject to rejection or

avoidance by, the Debtors or any successor trustee appointed with respect thereto.

36.    **Good Faith Purchaser**. The sale of the Property under the transaction

documents is undertaken by the Purchaser in good faith, as that term is used in section

363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of

the authorization provided herein to consummate the sale, transfer and conveyance of the

Property shall not affect the validity of the sale, transfer and conveyance of the Property to

the Purchaser, unless such authorization is duly stayed pending such appeal. The Purchaser is

a purchaser in good faith of the Property and is entitled to all of the protections and

immunities afforded by section 363(m) of the Bankruptcy Code. Neither the 227 Mezz

Lender nor the Purchaser are "insiders" of the Debtors as that term is defined in section

101(31) of the Bankruptcy Code, and neither the 227 Mezz lender nor the Purchaser have

engaged in conduct that would cause or permit the transaction documents or the sale of the

Property to the 227 Mezz Lender or the Purchaser thereunder to be avoided under section

363(n) of the Bankruptcy Code.

37.    **Injunction**. Except as expressly provided in the transaction documents or by

this Order, all persons and entities, including, but not limited to, all debt security holders,

equity security holders, governmental, tax and regulatory authorities, lenders, vendors,

suppliers, employees, trade creditors, litigation claimants, and other persons or entities,

holding Interests of any kind or nature whatsoever in the Debtors or against the Debtors, their

wholly owned indirect subsidiary, Grand Living LLC, or the Debtors' or GL's respective

rights, title, and interests in the Property (whether known or unknown, legal or equitable,

matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or

unasserted, whether arising prior to or subsequent to the commencement of the Chapter 11

Cases, whether imposed by agreement, understanding, law, equity or otherwise), including,

without limitation, those arising under, out of, in connection with, or in any way relating to

the Debtors, GL, the Property, the operation of the Debtors' business, or the transfer of the

4895-1866-3990, v. 5

Debtors' and GL's rights, title, and interests in the Property to the 227 Mezz Lender or the

Purchaser, shall be and hereby are forever barred, estopped and permanently enjoined from:

(i) commencing or continuing in any manner any action or other proceeding, whether in law

or in equity, in any judicial, administrative, arbitral or other proceedings, against the 227

Mezz Lender, the Purchaser, their successors or assigns, or asserting or pursuing such

Interests against the Property, or the rights, title, and interests of the 227 Mezz Lender or its

Designee in the Property; (ii) creating, perfecting or enforcing any Interests against the 227

Mezz Lender, its Designee, their successors or assigns, or the Property; (iii) asserting any

set-off, right of subrogation, or recoupment of any kind against the 227 Mezz Lender, its

Designee, their successors or assigns, or the Property; and (iv) commencing or continuing

any action in any manner or place, that is inconsistent with the terms of this Order. All

persons and entities are hereby prohibited and enjoined from taking any action that would

adversely affect or interfere with the ability of the 227 Mezz Lender or its Designee to

acquire the Debtor's and GL's respective rights, title, and interest in and to the Property as

contemplated by this Order. Following the Closing, no holder of an Interest in or against the

Debtors, GL or the Property shall interfere with the 227 Mezz Lender or its Designee's title

to or use and enjoyment of the Property based on or related to such Interests, or based on any

action taken by the Debtors since commencement of the Chapter 11 Cases, including without

limitation the 227 Mezz Lender or its Designee's right, ability, and effort to derive rental

income and other revenue from the Property and to maximize the value of the Property. For

the avoidance of doubt, the foregoing shall neither prevent the Debtors from enforcing the

terms of the Transaction Documents against the 227 Mezz Lender, its Designee, and/or their

successors and assigns nor prevent 227 Mezz Lender or its Designee, or their successors and assigns from enforcing the terms of the Transaction Documents against Debtors and GL.

38.    **No Successor Liability**. Upon the Closing of the sale of the Property, the 227 Mezz Lender, its Designee, and/or their successors and assigns shall not be deemed to: (i) be a successor or successor employer to the Debtors or the estates or GL under any theory of law or equity; (ii) have, de facto or otherwise, merged or consolidated with or into the Debtors or the Debtors' estate or GL; (iii) be a mere continuation or substantial continuation of the Debtors or any enterprise of the Debtors, GL; or (iv) be liable for any acts or omissions of the Debtors in the conduct of the Debtors' or GL's business or arising under or related to the Property other than as set forth in the Transaction Documents. There is no substantial continuity between the Debtors and GL and the 227 Mezz Lender or the Purchaser, there is no common identity between the Debtors, Grand Living II, LLC and GL and the 227 Mezz Lender or the Purchaser, and there is no continuity of enterprise between the Debtors and GL and the 227 Mezz Lender or the Purchaser. None of the 227 Mezz Lender or the Purchaser shall have (i) any liability or responsibility for or be required to satisfy in any manner (whether at law or in equity, by payment, setoff or otherwise, directly or indirectly) any claim or any Interest against the Debtors, GL or (ii) any successor or vicarious liabilities of any kind or character, including, but not limited to, federal, state or other tax liabilities, U.S. or foreign pension liabilities, or liabilities based on any theory of antitrust law, environmental law, labor law, alter ego, veil piercing, continuity of enterprise, mere continuation, product line, de facto merger or substantial continuity, whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the

4895-1866-3990, v. 5

commencement of the Chapter 11 Cases, whether imposed by agreement, understanding, law, equity or otherwise with respect to the Debtors or any obligations of the Debtors or GL, including, but not limited to, liabilities on account of any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of the Debtors' business prior to the Closing or any taxes in connection with, or in any way relating to, the cancellation of debt of the Debtors or GL. The transfer of the Property to the 227 Mezz Lender or the Purchaser will not subject the 227 Mezz Lender or the Purchaser to any liability for any claims against the Debtors or GL existing as of the Petition Date.

39.    **Binding Effect of Order**. The terms and provisions of the transaction documents and this Order shall be binding in all respects upon the Debtors, the Debtors' estates, GL, the 227 Mezz Lender, its Designee, all creditors of the Debtors, all holders of equity interests in the Debtors, Grand Living LLC and all other parties in interest, and their successors and assigns, including all parties asserting any lien, claim or interest in or against the Property.

40.    **Sale Free and Clear of Interests**. Subject to the occurrence of the Closing, this Order (i) shall vest the 227 Mezz Lender and/or its Designee with all right, title and interest in the Property free and clear of any and all Interests of any kind or nature whatsoever pursuant to 11 U.S.C §363(b) and (f), except as otherwise provided in the Transaction Documents or this Order and (ii) shall be binding upon and shall govern the acts of all persons, parties in interest, and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by

4895-1866-3990, v. 5

operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property. Upon the occurrence of the Closing, the Debtors, GL, and all persons holding an Interest in the Property immediately prior to the Closing are hereby authorized to execute such documents and take all other actions as may be reasonably necessary to release their Interests in the Property (if any) as such Interests may have been recorded or may otherwise exist. All recorded Interests against the Property shall be deemed stricken from their records, official and otherwise.

41.    **Property Turnover at Closing**. The Debtors and GL shall turnover possession of the Property at closing, together with all their books, records, keys, plans, specifications, tests, and other material of any kind, files and records pertaining to construction documents, Department of Building permits, violations, architectural plans, leases, repair invoices, and tenant correspondence. If the Debtors or GL fail to turnover possession of the Property, the Purchaser shall be entitled to apply for a writ of assistance for Bankruptcy Court approval to obtain the assistance of the United States Marshal to remove the Debtors and their affiliates from the Property and effectuate turnover of the Property and all related files and records pertaining to construction documents, Department of Building permits, violations, architectural plans, leases, repair invoices, and tenant correspondence.

42.    **All Year Holdings Limited Mortgage**.  Upon payment in full of the claim of All Year Holdings Limited, its unrecorded mortgage on the Property shall be deemed terminated and cancelled, and All Year Holdings Limited is directed to discontinue and cancel the lis pendens.  All Year Holdings Limited is directed to take all actions necessary to ensure that upon payment of its claim, it removes its mortgage from the Property.

4895-1866-3990, v. 5

43.    **Exemption from Stamp or Similar Taxes**. To the maximum extent provided by section 1146(a) of the Bankruptcy Code, the Sale shall be considered a transfer "under a plan confirmed" and shall not be subject to any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due on the Sale of the Property in connection with or in furtherance of the Plan and this Order, and the appropriate state or local government officials or agents shall forego collection of any such tax and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax.

44.    To the **maximum** extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under the Plan as confirmed by the Court (including an instrument of transfer executed in furtherance of the Sale of the Property contemplated by the Plan), shall not be subject to tax under any law imposing a stamp or similar tax (including real estate transfer tax and mortgage recording tax) due on the sale of the Property in connection with or in furtherance of the Plan as confirmed by the Court and the funding requirements contained herein, shall not be subject to any state, local or federal law imposing such tax, and the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

45.    **Release of Liens**. If any person or entity which has filed statements or other documents or agreements evidencing Interests in the Property shall not have delivered to the Debtors before the Closing, in proper form for filing and executed by the appropriate parties,

termination statements, instruments of satisfaction, releases of liens and easements, and any

other documents required to document the release of such Interests, the 227 Mezz Lender or

the Purchaser are hereby authorized to execute and file such statements, instruments, releases

and other documents on behalf of such person or entity with respect to the Property.  Each

and every federal, state and governmental agency or department and any other person or

entity is hereby authorized and directed to accept any and all documents and instruments in

connection with or necessary to consummate the sale of the Property contemplated by the

Transaction Documents or evidence the release of Interests in the Property.

46.    **Failure to Specify Provisions**. The failure to reference or specifically include

any particular provisions of the Transaction Documents in this Order shall not diminish or

impair the effectiveness of such provisions, it being the intent of the Court that the

Transaction Documents and the sale of the Property be authorized and approved in its

entirety.

47.    **No Stay of Order**. Notwithstanding the provisions of Bankruptcy Rule 6004

or any applicable provisions of the Local Rules, this Order shall not be stayed for fourteen

(14) days after the entry hereof but shall be effective and enforceable immediately upon

entry. Time is of the essence in closing the sale of the Property, and the Debtors, GL and

Purchaser may close the sale of the Property as soon as practicable. Any party objecting to

this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its

appeal being foreclosed as moot.

48.    **Inconsistencies with Prior Orders, Pleadings, or Transaction Documents**.

To the extent this Order is inconsistent with any prior order or pleading with respect to the

sale of the Property, the terms of this Order shall govern. To the extent this Order is

inconsistent with the terms of the Transaction Documents, the terms of the Order shall govern.

49.    **Provisions of Plan and Order Nonseverable and Mutually Dependent**. The provisions of the Plan and this Order are non-severable and mutually dependent.

50.    **Implementation**. The Debtors, GL, the 227 Mezz Lender, and all other relevant parties (including the Purchaser as it relates to the sale of the Property) are hereby authorized, directed, and empowered to take such actions as may be necessary to effectuate the Plan.

51.    **Binding Effect**. Pursuant to section 1141 of the Bankruptcy Code, effective as of the date of the entry of this Order, except as expressly provided in this Order, the provisions of the Plan and this Order shall be binding on (i) the Debtors; (ii) Grand Living II, LLC, (iii) Grand Living LLC, (iv) the 227 Mezz Lender and the Purchaser; and (v) all holders of Claims against and Interests in the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted or are receiving distributions under the Plan.

52.    **Releases and Exculpation**. The releases and exculpations provided in the Plan are approved except that no person or entity shall be released for any claims that a creditor, including 227 Mezz Lender, may have against that person or entity for violating a court order during the bankruptcy case or otherwise using monies that belong to the Debtors or their subsidiaries, including GL, for an improper purpose, including but not limited to, failing to pay the secured lender on the Property payments that were owed to it.

53.    **Term of Bankruptcy Injunction or Stays**. Unless otherwise provided herein, all injunctions or stays provided for in the Chapter 11 Cases pursuant to sections 105 and 362

4895-1866-3990, v. 5

of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

54.    **Taxes**. The Sale of the Property to the Purchaser shall be treated for all purposes, including for purposes of 11 U.S.C. §1146, as a transfer of estate property pursuant to a confirmed plan of reorganization.

55.    **No Discharge**. Pursuant to section 1141(d)(3) of the Bankruptcy Code confirmation of the Plan pursuant to this Order shall not discharge the Debtors.

56.    **General Authorizations**. Pursuant to section 1142(b) of the Bankruptcy Code, the Debtors, GL and/or the 227 Mezz Lender and the Purchaser, as applicable, are authorized, empowered and directed to (a) execute and deliver any instrument, agreement or document and (b) perform any act that is necessary, desirable, or required to comply with the terms and conditions of the Plan and consummation of the Plan, and is authorized, empowered and directed, without limitation, to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements or documents (including without limitation, deeds and accompanying transfer documents as may be required by recording officers and/or a title insurance company) created in connection with the Plan.

57.    **Retention of Jurisdiction**. The Court shall retain jurisdiction in accordance with paragraph 112 of the Plan, and the Court retains exclusive jurisdiction to interpret, implement, and enforce the terms and provisions of, and to resolve any and all disputes that may arise under or in connection with, this Order and the Transaction Documents, all amendments thereto and any waivers and consents thereunder, including, but not limited to, the authority to (i) compel transfer, conveyance, and delivery of the Property to the

4895-1866-3990, v. 5

Purchaser, including the execution of any documents, instruments, or agreements related thereto, or the performance of any act necessary or desirable to carry out the Sale and effectuate the transfer, conveyance and delivery of the Property to the Purchaser; (ii) interpret, implement and enforce the provisions of this Order and any related order; and (iii) protect the 227 Mezz Lender, the Purchaser and the Property against any Interests of any kind or nature whatsoever from which the Property has been sold free and clear.

58.    **Notice of Entry of Confirmation Order**. On or before the tenth (10th) business day following the date of entry of this Order, the Debtors shall cause to be served notice of entry of this Order pursuant to Rules 2002(f)(7), 2002(k), and 3020(c) of the Bankruptcy Rules on all creditors, equity security holders, the United States Trustee, and other parties in interest, by causing a notice of entry of this Order to be delivered to such parties by first class mail, postage prepaid.

59.    **Confirmation Order Controlling**. If there is any conflict or inconsistency between the Plan and this Order, the terms of this Order shall control.

60.    **Reversal**. If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan or any amendments or modifications thereto.

4895-1866-3990, v. 5

61.    **Order Effective**. Notwithstanding Bankruptcy Rules 3020(e) and 6004, this Order shall be effective and enforceable immediately upon entry.

62.    **Conditions Precedent to Effective Date**. Notwithstanding anything to the contrary set forth in the Plan, the Effective Date shall occur when the conditions precedent set forth in paragraph 101 of the Plan have been satisfied or waived by the Plan Proponent.

63.    **Substantial Consummation**. On the Effective Date, the Plan shall have been deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

64.    **References to Plan Provisions**. The failure specifically to include or reference any particular provision of the Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

65.    **Bankruptcy Fees**. The Debtors shall be responsible to pay all fees owed to the U.S. Trustee under 28 U.S.C. §1930, together with any applicable interest thereon, until a final decree is entered in these cases or until the cases are converted or dismissed, whichever happens earlier.

66.    **Post Confirmation Status Reports**. The Debtors shall file quarterly post-confirmation status reports and disbursement reports and schedule post-confirmation status conferences until the closing of the Debtors' cases by means of a final decree, dismissal or conversion of this case, whichever is earlier.

67.    **Disbursing Agent.** Leech Tishman Robinson Brog, PLLC, counsel to 227 Mezz Lender, shall be the disbursing agent under the Plan.

4895-1866-3990, v. 5

68.    **Modifications to Transaction Documents**. The Transaction Documents and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not (i) materially change the terms of the Sale agreement or (ii) modify the express terms of this Order.

69.    **227 Grand Street Mezz Lender Effective Date Plan Funding**:  On or before the Effective Date, 227 Grand Street Mezz Lender shall transfer to the Disbursing Agent's escrow account all payments required to be made under paragraph 99 of the Plan, including Cash in the following amounts to enable the Disbursing Agent to make the following payments on the Effective Date:

(i)    $19,252,191.92 to pay MRFS IV LLC in accordance with a payoff  letter expiring on October 14, 2022

(ii)    $5,251,200 to pay AYHL in accordance with the 9019 Order; and

(iii)    Up to $350,000 to pay counsel and former counsel to 227 Grand Street Mezz Lender, Leech Tishman Robinson Brog, PLLC and Robinson Brog Leinwand Greene Genovese & Gluck, P.C., pursuant to invoices provided to the Disbursing Agent on the Effective Date.

On the Effective Date, the Disbursing Agent shall cause payments specified in items (i), (ii) and (iii) ("Required Plan Payments") to be made to the respective parties and counsel, and shall escrow sufficient funds to pay U. S. Trustee Fees, allowed claims, administrative claims and Professional Fee Claims.  To the extent there is any shortage in the Disbursing Agents escrow account to make the Required Plan Payments, 227 Grand Street Mezz Lender shall, no later than the Effective Date, transfer such sums to the Disbursing Agent upon demand therefore.  Any sums left in the Disbursing Agent's escrow account after the Required Plan

4895-1866-3990, v. 5

Payments are made shall be returned to 227 Grand Street Mezz Lender or its designee specified in writing to the Disbursing Agent.

70.     **Headings**. Headings utilized herein are for the convenience of reference only and shall not constitute a part of the Plan or this Order for any other purpose.

**Dated:** October 12, 2022
        New York, New York

                              */s/ Sean H. Lane*
                              **Honorable Sean H. Lane**
                              **United States Bankruptcy Judge**

4895-1866-3990, v. 5